FEAR *v.* JONES.

6   169
93  160

Where it appeared that the plaintiff, as the agent of C., sold to the defendants a threshing machine, who gave to the plaintiff their note for the balance due; that plaintiff had for sale two classes of machines, one selling for $195 and the other for $315, which prices were shown by bills posted up in plaintiff's store, and to which defendants were referred at the time they inquired for the price; that they undertook to pay $195 for a machine, and a bill of sale was executed, which, in its terms, described a machine of the higher value; that defendants received one of the higher class, and within a short time were advised

of the mistake, and plaintiff offered to take back the machine; and that one of the defendants (the other not being present), stated that their engagements to thresh were such, that they could not return it, but that he would see his brother, (the other defendant), and make it right: *Held*, That the action was properly brought in the name of the plaintiff, and that he could recover.

*Appeal from the Henry District Court.*

SATURDAY, JUNE 12.

This action was brought to recover for a threshing machine sold to defendants. It was tried by the court, and the facts found and set out in the record. Judgment for plaintiff, and defendants appeal. The facts of the case are stated in the opinion of the court.

*F. Semple*, for the appellants.

*R. L. B. Clarke*, for the appellee.

WRIGHT, C. J.—From the facts found, as required under section 1793 of the Code, the case may be stated briefly thus: The plaintiff, as the agent of one C., sold the machine to defendants, but their promise to pay was to plaintiff; a note for what was supposed to be the balance due, being made payable to him. In the sale, there was a mistake; plaintiff had for sale two classes of machines; one selling for $195, and the other for $315, which prices were shown by bills posted in plaintiff's store, and to which defendants were referred at the time they inquired for the price. They undertook to pay $195, for a machine, and a bill of sale was executed, which, in its terms, described a machine of the higher value. They received one of the higher class; and within a short time, were advised of the mistake, and plaintiff proposed to take back the machine. One of the defendants, (the other not being present), stated that their engagements to thresh were such, that they could not return it, but that he would see his brother, (the other defendant), and make it right.

It is objected that plaintiff's remedy is in equity, as he seeks to change or reform a written contract. We do not think so. He seeks to recover the value of a machine sold to defendants, and does not ask that a contract shall be reformed and specifically enforced. In substance, he says: "I sold defendants an article worth $315, and this they knew was the selling price. They paid me for one, the selling price of which was $195, and this is what it was understood they were to have. They, by mistake, got the more valuable article—refuse to pay the excess, after in effect promising to do so—and for this I bring this action." That he may do this, without resorting to equity, we entertain no doubt. It is urged also, that the action should have been brought in the name of C., and not F. his agent. The contract was made in the name of the plaintiff, and the promise made to him. He is, therefore, the party having the *legal* interest, and the proper plaintiff. *Farwell* v. *Tyler*, 5 Iowa, 535.

Judgment affirmed.