H. S. BROWN v. DAVID SHARKEY AND JOHN ROSS, Appellants.

**Damages:** BREACH OF CONTRACT. Where a contract to sell is extended as to time of delivery, the measure of damages is the difference between the contract price and the market price at the time when and place where the contract, as extended, was broken.

**Practice.** It may be shown in parol that a written contract was, after partial performance, extended as to time, without the pleading of a waiver.

SAME: PRINCIPAL AND AGENT. A person may sue on a contract made in his own name, which was, in fact, made by him as the agent of another. Code, 2544.

*Appeal from Calhoun District Court.*—HON. G. W. PAINE, Judge.

THURSDAY, DECEMBER 20, 1894.

Action at law to recover damages for failure to deliver one thousand one hundred and fifty bushels of oats according to contract. Trial to a jury. Verdict and judgment for plaintiff, and defendants appeal.— *Affirmed.*

*M. R. McCrary* and *J. B. McCrary* for-appellants.

*J. C. Kerr* for appellee.

Deemer, J.—The contract which is the foundation of the suit reads as follows:

"Lohrville, Iowa, July 11, 1890.   This is evidence that I have this day sold to H. S. Brown, to be delivered in Lohrville, Iowa, 1890, 2,000 bushels of good, sound, merchantable white oats, for which I am to receive 19 cents per bushel on delivery at Lohrville.   I hereby acknowledge the receipt of $10, delivered in August, 1890.   Void if crops fail.

"John Ross.
"His Mark (X) David Sharkey.

"Delivered on above contract, 850 bushels on 20th."

The plaintiff alleged that defendant failed and refused to deliver one thousand one hundred and fifty bushels of the oats called for by the contract, and before the expiration of the year 1890 oats were worth in the market at Lohrville forty cents per bushel, and that he was damaged, by reason of defendant's failure to deliver the oats, the sum of two hundred and forty-one dollars and twenty-five cents, for which amount he asked judgment, with interest.   The answer of defendants denied the signatures to the contract, alleged that it had been altered after its execution by erasing the name of the obligee and inserting that of plaintiff, and averred that plaintiff was not authorized to buy grain in his own name, by reason of his relations as agent to a Chicago firm.   The jury returned a verdict for plaintiff in the sum of two hundred and fifty dollars and forty-six cents, on which judgment was rendered.

There is evidence tending to show that the time for the delivery of the oats was extended at the request of defendants, and on the question of measure of damage, the court gave the following instructions: "(9) By the terms of the contract in question the oats were to be delivered during the month of August, 1890, but it was competent for the parties to extend the time by oral agreement for such delivery; and then, if such oral extension was made, and you so find, the obligation to deliver the oats would continue until the time for the extension had expired; and it is for you to determine from the evidence what the fact was as to such extension, and the time thereof. (10) The plaintiff, if you find herein entitled to recover damages, is entitled to the difference between the contract price and the market price at Lohrville at the time of the breach of the contract to deliver the oats; and such breach could not be complete until the end of the month of August, 1890, or until the end of the time as extended, if you find an extension of the time of delivery; and this sum, with interest at six per cent. from time of breach, would be amount of plaintiff's damages, to which you should add the ten dollars paid, with interest at six per cent. from such time of breach." It is contended that the court was in error in giving these instructions, and also in admitting testimony as to the market price of oats at other times than in August, 1890, because there was no pleading that an extension of time had been given. We do not see any merit in this objection. The allegation in the petition was that defendants had refused to deliver the oats as agreed, and that plaintiff was damaged thereby. It was competent for plaintiff to show when the oats should have been delivered, and he could show that the time fixed in the contract was, after partial performance, waived, and a new time fixed

by parol. The instructions furnish the true rule for the admeasurement of damages in such cases.

II. The instructions given by the court with reference to defendant's signature to the contract, and with reference to the alterations pleaded, are not complained of. But it is insisted that the court erred in not allowing defendants to show that plaintiff had no authority to make the contract in his own name, and also in instructing the jury that they had nothing to do with the plaintiff's violation of contract with his principal, and in further instructing them that plaintiff might recover on the contract although he was acting merely as agent in the purchase of the grain. It is quite clear that defendants had nothing to do with any breach of contract between plaintiff and his employers, and it is equally clear that plaintiff could recover damages for breach of the contract, although he may have been acting as agent for another. The contract was made in his name individually, and not as agent for another, and he could sue for any breach thereof. Code, section 2544; *Fear v. Jones,* 6 Iowa, 169; *Colburn v. Phillips,* 13 Gray, 64. What we have just said answers the proposition that the court erred in not allowing defendants to introduce the contract between plaintiff and his employers.

III. Error is assigned on the rulings of the court in the admission and rejection of testimony. We have examined all these rulings, and see no error. What we have said sufficiently indicates our views on the questions presented.

IV. It is insisted that the verdict is not sustained by the evidence, and that it is for more than the amount claimed in the petition. We think there is evidence to support the verdict, and that it is not in excess of the amount claimed. The petition was filed some time in February, 1892, and it asked judgment

for the sum of two hundred and forty-one dollars and twenty-five cents, with interest. The verdict was returned October 18, 1892, and the judgment was for two hundred and fifty dollars and forty-six cents. Two hundred and forty-one dollars and twenty-five cents, with six per cent. interest added for the time between the filing of the petition and the return of the verdict, amounts to a little more than the judgment. The judgment is *affirmed*.