Strafford, }
Dec., 1900. }

## TRASK v. HAMBURGER & a.

In an action for breach of a contract of sale, the measure of damages is the difference between the agreed price of the goods and their market value at the time the contract was broken.

In such action, evidence of the value of the goods at the date of the vendor's refusal to deliver them is competent, where the facts reported imply a finding that the time originally agreed upon for delivery was indefinitely extended by the parties.

Where a vendor has agreed to deliver goods of a given description, similar to those of a prior shipment, the vendee may show the peculiar meaning attached by usage of trade to a technical phrase appearing in both contracts.

ASSUMPSIT, upon a special contract. Facts found by a referee. The plaintiff is a manufacturer of paper boxes in Rochester. March 22, 1899, the defendants agreed in writing to sell him "sixty tons of news board . . . count 53, caliper $\frac{45}{1000}$, same as last board shipped you by us, same to be delivered within three months from date," etc. May 15, the plaintiff, not having received any of the news board, wrote the defendants that he was ready to take the board ordered on March 22, and requested them to make and ship the same at once. The plaintiff received no reply, and on June 24 wrote the defendants again. June 29, they replied as follows: "The matter of the caliper thickness on your order is still under discussion, and in a day or two we shall be able to let you know definitely. In that time we will have received reply from the mill stating just what they will be willing to do." December 8, the plaintiff, who up to this time had relied upon the defendants to fill the order, called upon them, and for the first time they refused to fill it. The contract under which the last shipment of news board was made was upon the basis of "count 53, caliper $\frac{45}{1000}$," the same as the contract under consideration.

Subject to the defendants' exception, testimony was received as to the value of news board on December 8; also that news board is put up in bundles, forty bundles to the ton, and that forty bundles made up like that called for in the order — that is, "53 pieces, caliper $\frac{45}{1000}$" — would weigh 2,500 pounds. The court ordered judgment on the report for the plaintiff, and the defendants excepted.

*Worcester, Gafney & Snow*, for the plaintiff.

*John T. Bartlett*, for the defendants.

PIKE, J.   The measure of damages for the breach of the con-
tract was the difference between the agreed price and the value at
the time the contract was broken.   *Gordon* v. *Norris*, 49 N. H.
376, 386 ; *Hurd* v. *Dunsmore*, 63 N. H. 171, 173 ; *Hutt* v. *Hickey*,
67 N. H. 411, 417.   The finding of the referee that the defendants
did not decline to fill the order until December 8, and that until
that time the plaintiff relied upon having the order filled, implies
a finding that the original time of delivery was, by the agreement
of the parties, indefinitely extended.   By reason of such extension
the contract was not broken until the defendants refused to fill
the order, and testimony as to the value of news board at this
time was competent upon the question of damages.

Evidence that the weight of a ton of news board, "count 53,
caliper $\frac{45}{1000}$," was more than an ordinary ton was properly received.
1 Gr. Ev., s. 280.   Technical words must be construed according to
their appropriate meaning.   P. S., *c.* 2, *s.* 2.   The objection of the
defendants that because of the expression in their acceptance,—
"same as last boards shipped you by us,"—the plaintiff was limited
to showing how many pounds per ton he received under the prior
shipment, cannot be sustained.   In the absence of evidence to the
contrary, it must be taken for granted that the technical words in
each contract were used with the same meaning, and that the plain-
tiff received the same number of pounds for a ton under the for-
mer shipment that it is found he should have received under the
present contract.   It was open to the defendants to show that
such was not the fact.

                                              *Exceptions overruled.*

YOUNG, J., did not sit : the others concurred.