RALLI et al. v. ROCKMORE.

(Circuit Court, N. D. Georgia. June 19, 1901.)

No. 1,479.

DAMAGES—BREACH OF CONTRACT FOR DELIVERY OF COTTON—TIME OF BREACH.

At various times during about two months, ending in December, plaintiffs made contracts for the purchase of cotton from defendant. Of some of the purchases, all was delivered and paid for; of others, part only; and still others, none was delivered. Plaintiffs kept urging delivery of the remainder, and not until January 4th did defendant refuse to make such delivery. Plaintiffs then purchased the amount of the deficiency at the market price, which was an advance over the prices to be paid under the contracts. Held, that the breach of the contracts, for the purpose of fixing the measure of damages, occurred on January 4th, and plaintiffs were entitled to recover the amount then paid in excess of the contract price.

Action at Law for Damages for Breach of Contract for the Sale of Cotton.

Slaton & Phillips, for plaintiffs.
W. E. Simmons, for defendant.

NEWMAN, District Judge. This case was submitted; the court to determine the same on the law and facts, without the in-

tervention of a jury. I find that on October 3, 1898, correspondence was opened between Ralli Bros. and M. L. Rockmore, for the purchase of cotton by Ralli Bros. from Rockmore. On October 29, 1898, the first agreement to sell appears to have been made. Thereafter, during the months of October, November, and December, sales were made as follows: October 29th, 100 bales, at 5 cents per pound, which were all delivered and paid for; October 31st, 300 bales, at $4^{15}/_{16}$ cents per pound, which were delivered and paid for; November 2d, 200 bales, at $4^{15}/_{16}$ cents per pound, of which 90 bales were not delivered; November 8th, 200 bales, at $4^{15}/_{16}$ cents per pound, none of which were delivered; November 10th, 300 bales, at 5 cents per pound, of which 166 bales were not delivered; November 16th, 200 bales, at $5^{3}/_{8}$ cents per pound, of which 178 bales were not delivered; November 16th, 200 bales, at $5^{1}/_{4}$ cents per pound, of which none were delivered; November 21st, 50 bales, at $5^{5}/_{8}$ cents per pound, of which 37 bales were not delivered; December 12th, 100 bales, at $5^{1}/_{2}$ cents per pound, of which 14 bales were not delivered. I further find that the plaintiffs continually urged the defendant to deliver this cotton, and that defendant failed to do so, but not until January 4, 1899, did the defendant finally refuse to deliver the cotton, and thereby breached his contract with the plaintiffs for the sale and delivery of the same. I further find that it became necessary for the plaintiffs, in order to supply the cotton which the defendant failed to deliver them, to purchase the same from other parties, at an increased cost, amounting to $2,427.41. This is the testimony of the plaintiffs' agent, Mr. Agelasto (and is undisputed), which shows the total cost to the plaintiffs of the amount of cotton which the defendant failed to deliver in each instance. I find that the relation between the plaintiffs and defendant during the time this transaction was going on was that of buyer and seller, and not of principal and agent, as contended by counsel for the defendant in his argument. I find further that the claim of the defendant that he was justified in not delivering the cotton according to contract, by reason of the failure of the plaintiffs to pay exchange, is not sustained by the evidence, and is not meritorious.

## Questions of Law.

The only question of law in the case, as I understand it, is whether the plaintiffs' right to recover should be tested and determined by the price of cotton at the time it should have been delivered by Rockmore, in October, November, and December, or at the time that the defendant finally notified the plaintiffs that he would not comply with the contract, in January, 1899. Cotton had risen in price during this period, and up to January 4, 1899. I find, as has been indicated, that the breach of the contract was in January, 1899. During the period between the time the various sales were made and January 4th, Rockmore all the time justified the plaintiffs in believing that he would deliver all the cotton sold. While he did make some suggestions and some complaint about exchange, it was not such, as above stated, to make it meritorious as a defense to

this suit, nor was it sufficient to put the plaintiffs on notice that the cotton would not be delivered, so that they could have supplied the same at an earlier date.

My conclusion is, under the facts, that the breach of the contract was on January 4, 1899, and that the difference in the price at which the different lots of cotton were sold and the price which Ralli Bros. were required to pay, as shown by the testimony of Mr. Agelasto, from January 4th to 7th, is the proper basis for recovery in this case, and that that is the amount which the plaintiffs were damaged, and for which they are entitled to recover. This amount is, as I have stated, $2,427.41. This is upon the assumption that there is an agreement of counsel that there is a deficit, in any event, of 883 bales. There is one trouble about the matter, and that is that the plaintiffs in their declaration appear only to claim a contract for the delivery of 1,650 bales, and such is the statement in the plea of the defendant. If I am under a misapprehension as to the agreement of counsel that the contest was in reality over the nondelivery of 883 bales, without reference to the statement in the pleadings, then there should be written off of the above amount $272.88, which would reduce the amount of recovery to $2,155.53.

The plaintiffs' suit was only brought, however, for $2,175, and necessarily their recovery must be confined to this amount. If I am correct in the assumption that there was a failure to deliver 883 bales, the plaintiffs are entitled to recover this sum of $2,175, with interest thereon from January 7, 1899, and judgment should be entered in favor of the plaintiffs against the defendant for said sums. Counsel may indicate to me before the court adjourns what the agreement was in reference to the number of bales of cotton not delivered.

The claim of plaintiffs for counsel fees for stubborn litigiousness is disallowed.

The claim of the defendant that the character of the contract was such as to be against public policy, and void, being a contract for future delivery, is not insisted upon at all, as I understand it.

The claim of the defendant that the jurisdictional amount is not involved is controlled by the amount of the finding, as above indicated.