NEOLA ELEVATOR COMPANY, Appellee, v. J. W. KRUCKMAN, Appellant.

**CONTRACTS: Requisites and Validity—Consideration—Mutuality.**
1 An agreement in writing, by the terms of which one party buys and the other sells a definite quantity of corn, to be delivered at a certain place before a specific date, signed by the parties to be bound, is supported by a good consideration, and is not void for want of mutuality.

**CONTRACTS: Requisites and Validity—Mutuality not Destroyed by**
2 Privileges to One Party. Contracts are not deprived of mutuality simply because one party thereto is granted privileges not given to the other, as their obligations need not be mutual.

**FRAUDS, STATUTE OF: Sale of Personal Property—Oral Modifica-**
3 tion of Written Contract—Extension of Time of Delivery. An oral agreement extending the time of delivery of corn under a

written contract, without modifying or altering the written contract or interfering with its enforcement, does not involve any question of the statute of frauds.

**TRIAL:**   Verdict—Verdicts Contrary to Instructions—Failure to Get Cars as Defense to Acceptance of Corn.   The verdict in favor of the buyer was not contrary to an instruction that the buyer was excused from taking corn only on grounds excepted in the contract, where the contract provided that corn need not be accepted when it was impossible to get cars, when there was evidence to sustain the claim that cars could not be secured.

*Appeal from Calhoun District Court.*—E. G. ALBERT, Judge.

APRIL 15, 1919.

AN action for damages on account of the alleged failure to deliver 2,100 bushels of corn, purchased by plaintiff of defendant.   There was judgment on a verdict for plaintiff. Defendant appeals.—*Affirmed.*

*Healy & Thomas,* for appellant.

*E. C. Stevenson,* for appellee.

STEVENS, J.—Plaintiff alleges in its petition that, on February 13, 1917, a written contract was entered into by it with defendant for the purchase of 2,100 bushels of No. 3 yellow corn at the agreed price of 91 cents per bushel, to be delivered at its elevator at Adaza, Iowa, before March 13, 1917; that the contract provided that, "if corn is not delivered within the time specified, contract will be considered open until Neola Elevator Company notifies seller in writing that same is canceled.   Seller agrees not to refuse to deliver on this contract in case it is impossible (on account of car shortage, embargo or breakdown in elevator) for Neola Elevator Company to receive grain when tendered."   It is further alleged that, on account of shortage of cars or embargo on same, it was unable to receive the corn before March 13, 1917; that, by oral agreement with defendant, the time for delivery was several times extended; that plain-

tiff notified defendant when it could receive the corn, and that he promised to deliver the same as soon as he was able to do so; that defendant thereafter again orally promised to deliver said corn, but, on or about June 29th, informed plaintiff's representative that he had sold it at Churdan, and did not intend to deliver it to plaintiff. Defendant, for answer, following a general denial, admits the execution of a written agreement, and avers that he repeatedly, prior to March 13th, tendered delivery of the corn to plaintiff, who declined to receive it, and specifically denies that he ever orally agreed to an extension of time for the delivery of the corn. At the conclusion of plaintiff's evidence, defendant moved for a directed verdict upon various grounds, which motion the court overruled.

Defendant relies for reversal upon the following matters: (a) That the court committed error in refusing to direct a verdict in defendant's favor upon the ground that the alleged contract is, in effect, a unilateral contract, and void for want of mutuality; (b) that same, as shown by the evidence, was modified and superseded by an oral contract, not enforcible under the statute of frauds; and (c) that the verdict of the jury was contrary to the court's instruction No. 4.

I. For a contract to be mutual, an obligation must be thereby imposed upon each party to do, or permit something to be done, in consideration of the act or promise of the other. Unless both are bound by the contract, neither will be bound thereby.

1. CONTRACTS: requisites and validity: consideration: mutuality.

Manifestly, an agreement in writing, signed by the parties to be bound, by the terms of which one party buys, and the other sells, a definite quantity of grain, at a stipulated price, to be delivered at a certain place before a specified date, is supported by a good consideration, and is not void for want of mutuality. Both parties are legally bound thereby, the one to de-

liver the grain at the place within the time fixed, and the other to receive and pay the agreed price therefor. Elliott on Contracts, Sections 229–232; *Emerson v. Pacific C. & N. P. Co.,* 96 Minn. 1 (104 N. W. 573) ; *Grove v. Hodges,* 55 Pa. St. 504; *Hoagland v. Murray,* 53 Colo. 50 (123 Pac. 664) ; *Maccalum Printing Co. v. Graphite Comp. Co.,* 150 Mo. App. 383 (130 S. W. 836).

By the contract in question, plaintiff acknowledged the purchase from defendant of 2,100 bushels of a certain grade of corn, and agreed to pay him 91 cents per bushel therefor, upon delivery thereof to its elevator at Adaza, Iowa, before March 13, 1917. The contract was signed by both parties. By it, defendant was bound to deliver the specified quantity of corn at the place and within the time designated, and plaintiff was bound, upon receipt thereof, to pay the stipulated price therefor.

But it is contended by counsel for appellant that the purchase clause of the contract is deprived of mutuality of obligation by the following provision thereof:

2. CONTRACTS: requisites and validity: mutuality not destroyed by privileges to one party.

"If corn is not delivered within the time specified, the contract will be considered open until Neola Elevator Company notifies seller in writing that same is canceled. Seller agrees not to refuse to deliver on this contract in case it is impossible (on account of car shortage, embargo or breakdown in elevator) for Neola Elevator Company to receive grain when tendered."

Objection to the admissibility of the contract was interposed by defendant when it was offered in evidence, upon the ground here urged, and his motion for a directed verdict was in part based thereon. The court submitted the case to the jury upon the theory that, if defendant offered to deliver the corn to plaintiff before March 13, 1917, or within a reasonable time thereafter, and plaintiff refused, without justification or excuse, upon the grounds specified in the

contract, to receive the same, it could not recover. The instructions are not complained of in argument.

Contracts are not deprived of mutuality simply because one party thereto is granted privileges not given to the other. Their obligations need not be equal. The contract in question contained mutual promises and imposed mutual obligations, and is not, therefore, without consideration, or void for want of mutuality.

II. No question of the statute of frauds is involved upon this appeal. An oral agreement extending the time for the delivery of the corn did not otherwise modify or alter the written contract, and in no way interfered with the enforcement of the terms thereof. *Cox & Shelley v. Carrell & Co.,* 6 Iowa 350; *Brown v. Sharkey,* 93 Iowa 157.

3. FRAUDS, STATUTE OF: sale of personal property: oral modification of written contract: extension of time of delivery.

III. Appellant's contention that the verdict of the jury was contrary to the fourth instruction is based upon the thought that the provisions of the contract quoted excuse the plaintiff from receiving the corn, if at all, only upon the grounds therein specified, and such was the purport of the instruction; whereas appellant claims that the reason assigned by the agent in charge of the elevator for not receiving the corn prior to March 13th was that the elevator was full. The witness, however, further testified that this condition was due to a shortage of cars. The jury could well have found from the evidence that plaintiff did not receive the corn because it was impossible to obtain cars with which to ship grain and make room therefor. The verdict is not, therefore, contrary to the instruction. As we find no error in the record, the judgment of the court below is—*Affirmed.*

4. TRIAL: verdict: verdicts contrary to instructions: failure to get cars as defense to acceptance of corn.

LADD, C. J., EVANS and GAYNOR, JJ, concur.