[No. 15633.   Department One.   April 3, 1920.]

A. B. HENSEL, *Respondent,* v. ADELINA T. BISSELL *et al.,*
*Appellants.*[1]

USURY (7)—BILLS AND NOTES—COMPUTATION—PAYMENT FOR EX-
TENSION. Where a mortgage note bearing eight per cent interest,
which was in default, was extended for two years in consideration
of payment of the interest then due and the addition of two hundred
dollars to the principal, such sum should be treated as interest to
be paid at the new maturity date, and the note is not usurious when
the total payments made and called for did not exceed the original
principal and twelve per cent thereon at the new maturity date.

MORTGAGES — LIEN — INCREASE OF DEBT — EXTENSION BY HUSBAND
WITHOUT WIFE'S CONSENT. Where a default in an eight per cent
mortgage loan entitled the mortgagee to recover interest at the rate
of twelve per cent, an extension of time for two years in considera-
tion of the addition of $200, did not increase the mortgage lien with-
out the consent of the wife of the mortgagor, when the addition of
$200 did not exceed the twelve per cent collectible.

Appeal from a judgment of the superior court for
Spokane county, Oswald, J., entered April 3, 1919, in
favor of the plaintiff, in an action to foreclose a mort-
gage, tried to the court. Affirmed.

*A. C. Clausen,* for appellants.

*Atwood A. Kirby* and *A. J. Hensel,* for respondent.

PARKER, J.—The plaintiff, Hensel, commenced this
action in the superior court for Spokane county, seek-
ing foreclosure of a mortgage executed and delivered
to him by the defendants, Adelina T. Bissell and hus-
band, upon real property owned by them in that county.
Trial upon the merits in that court resulted in a de-
cree of foreclosure as prayed for by the plaintiff, from .
which the defendants have appealed to this court.

On January 21, 1913, respondent Hensel loaned ap-
pellants Bissell the sum of $2,300, when they executed

[1]Reported in 188 Pac. 774.

and delivered to him their promissory note for that
sum, payable one year after date, with interest at the
rate of eight per cent per annum, payable semi-an-
nually, interest coupons therefor being attached to the
note. Both the note and the coupons were signed by
both appellants. In the body of the note and in the
coupons it was stipulated that the principal and inter-
est should, after maturity, draw interest at the rate of
twelve per cent per annum. On June 5, 1915, all of
the principal and a considerable portion of the interest
was then due and unpaid. On that date respondent and
appellant D. J. Bissell, Jr., entered into a written
agreement reading in part as follows:

"This agreement entered into this 5th day of June,
1915, by and between A. B. Hensel, party of the first
part and the payee in that certain note of $2,300 dated
Jan. 21, 1913, due in one year, and D. J. Bissell, Jr.,
party of the second part and one of the makers of the
above described note, Witnesseth—

"That in consideration of the sum of $398.55 this
day paid by said second party, the receipt of which is
hereby acknowledged, the said first party does hereby
extend the payment of said note for two years from the
1st day of June, 1915, at the rate of 8% per annum,
payable semi-annually, upon the amount of principal
and interest this day due upon said note after deduct-
ing said payment of $398.55, which balance the parties
hereto agree to be the sum of $2,500.

"A. B. Hensel,<br>
"D. J. Bissell, Jr."

This action was commenced in September, 1918,
which, it will be noticed, was some fifteen months after
the new maturity date of the $2,300 principal with the
$200 added thereto. Interest was claimed by respond-
ent in the foreclosure action at the rate of eight per
cent only, and awarded by the decree accordingly.

It is contended in behalf of appellants that the note
was altered to their prejudice after it was executed and

delivered to respondent, by the insertion of the figures "12" in the blank space in the printed form of the note for specifying the rate of interest after its maturity, and by the insertion of the figures "12" in the blank space in the printed form of the coupons for specifying the rate of interest after maturity, and that therefore recovery upon the note and coupons should be denied. This contention presents, of course, only questions of fact. We deem it sufficient to say that we have reviewed the evidence and are quite convinced that it calls for the conclusion reached by the trial court, that there was no such alteration in the note or coupons.

It is contended in appellants' behalf that the interest exacted was usurious, and that they are therefore entitled to have the amount of the judgment reduced accordingly. This contention seems to be rested upon the theory that the payment of $398.55, made at the time of the making of the above agreement, together with the $200 which was added to the principal of the note, amounted to more than twelve per cent on the $2,300 principal, computed for the period that interest thereon was then due and unpaid. It may be that the total of the payment of $398.55 then made and the $200 added to the principal exceeded by a small amount twelve per cent upon the original $2,300 principal, computed for the period interest was then due and unpaid. But the $200 was not then paid, and it was not to be paid save at the agreed new maturity date. Treating the $200 as interest agreed to be paid, as it may be conceded it should be so treated for the purpose of determining whether or not the maximum legal contract rate of twelve per cent was agreed to be exceeded, it still appears that the interest paid to the time of making the extension of maturity agreement, and the interest then agreed to be paid in the future, together

with the $200 added to the principal, does not exceed twelve per cent per annum upon the original $2,300 principal, computed for the period for which interest was due at the time of making the agreement and for the agreed period of extension of time of maturity. We are of the opinion that the interest agreement was not usurious.

Some contention is made in appellant's behalf rested upon the theory that the agreement for the extension of time of the payment of the note and the adding of the $200 to the principal thereof was void in that it increased the amount of the mortgage lien against the community property without Mrs. Bissell's consent, she not having signed the agreement. There might be something to this contention were it not for the fact that the mortgage lien was not, as we view it, increased in amount by the terms of the agreement. Had the agreement not been made, the default in the payment of the principal would have entitled respondent to recover interest upon the loan at the rate of twelve per cent per annum after the original maturity of the loan, instead of eight per cent as was stipulated by the agreement, and resulted in the amount awarded upon foreclosure being larger than was awarded by this decree. We fail to see wherein Mrs. Bissell's rights have been prejudiced by the agreement, which, under the circumstances, was a concession on the part of respondent, more than on the part of appellants, and an agreement which we think the husband could lawfully make in the interest of the community.

The decree is affirmed.

HOLCOMB, C. J., TOLMAN, MITCHELL, and MAIN, JJ., concur.