[No. 16423.   Department One.   July 7, 1921.]

JOSEPH SUSSMAN, *as Tacoma Junk Company,*
*Respondent,* v. SAM GUSTAV, *as Pacific*
*Junk Company, Appellant.*[1]

SALES (55)—RESCISSION BY BUYER—FAILURE TO DELIVER. After formal unconditional demand for delivery, accompanied by tender of the balance of the agreed purchase price, the buyer is not bound to accept the seller's offer of performance after suit brought, but was entitled to stand upon his claim for damages.

SALES (154)—REMEDIES OF BUYER—ACTION FOR BREACH—MEASURE OF DAMAGES. Where a seller of scrap iron repeatedly promised for almost a year to make delivery, and the purchaser was willing at all times to receive the iron, the damages for breach of contract to deliver were properly measured by the difference between the contract price and the market value at the time of the final demand shortly before suit brought; the claim of the seller that the breach was prior in time being untenable.

Appeal from a judgment of the superior court for King county, Grover E. Desmond, judge *pro tempore,* entered September 18, 1920, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Jay C. Allen* and *E. W. Howell,* for appellant.

*Blackburn & Gielens* and *Jones, Riddell & Brackett,* for respondent.

PARKER, C. J.—The plaintiff Sussman commenced this action in the superior court, seeking recovery of damages which he claims to have suffered from the failure of the defendant Gustav to deliver to him one hun-

[1]Reported in 199 Pac. 232.

dred tons of scrap iron in compliance with a contract for the purchase of the iron from the defendant. The cause came regularly on for trial upon the merits and resulted in the court awarding judgment of nonsuit in favor of the defendant at the close of the evidence introduced in behalf of the plaintiff. An appeal to this court from that judgment resulted in its reversal and the remanding of the cause to the superior court for a new trial. 109 Wash. 459, 186 Pac. 882. A new trial was accordingly had before the court without a jury, resulting in findings and judgment awarding to the plaintiff recovery as prayed for; from which the defendant has appealed to this court.

On November 8, 1916, appellant gave to respondent in writing a two-day option for the purchase from him of one hundred tons of scrap iron at $11.50 per ton f. o. b. Seattle. On November 10 this option was accepted, and on November 14 respondent paid, and appellant accepted, upon the agreed price of the iron, the sum of $500. The trial court found, among other things, as follows:

"That at the time of the entry into the contract described in the complaint herein, it was orally agreed between the plaintiff and the defendant that defendant should begin making delivery of the iron immediately after the 1st day of January, 1917.

"That from the first of the year 1917 up to the 19th day of November, 1917, the plaintiff many times demanded of the defendant delivery of the said iron; that the defendant kept continually promising to the plaintiff that he would make delivery of the same, but failed to do so.

"That defendant had ample opportunity to procure cars upon which to deliver said iron, but failed to do so; that during all of the said period of time defendant was buying and selling similar iron and making deliveries thereof to other parties.

"That at the time of the commencement of this

action on the 19th day of November, 1917, and for approximately six weeks prior thereto, the fair and reasonable market value of scrap wrought iron f. o. b. Seattle, Washington, was $25 per ton.

"That defendant has never paid the plaintiff the sum of $500 deposit on the purchase price of said iron."

Judgment was awarded in favor of respondent for an amount equal to the difference between the contract price of $11.50 per ton and the found market value of the iron on November 19, 1917, of $25 per ton; and also the sum of $500, the amount which respondent had paid upon the agreed purchase price; the court proceeding on the theory that the contract was breached on November 19, 1917, the date of the commencement of this action.

In their last analysis, the contentions here made by counsel for appellant present little else than questions of fact. It is argued that the evidence shows that appellant was at all times prior to the commencement of this action willing to deliver the iron as agreed. We are quite convinced that the evidence does not so show, but that, while he so repeatedly expressed himself by promises made to respondent, he continually put respondent off and neglected to do anything looking towards the actual delivery of the iron up to the time of the commencement of the action. Looking to the final consummation of the purchase contract, or of putting appellant in the attitude of finally refusing to deliver the iron and thus breaching the contract, respondent caused the formal unconditional demand to be made upon appellant for the delivery of the iron as agreed, at the same time tendering to him the whole of the balance of the agreed purchase price. Such demand not being complied with, this action was commenced a few days thereafter. It is true that, after the commencement of this action, appellant again offered to

deliver the iron, but manifestly respondent was not under any legal obligation to pay any further attention to such offer or promise, but was entitled to stand upon his claim for damages for breach of the contract, if the contract was in fact breached, as we think the evidence clearly shows it was at or shortly before the time of the commencement of this action.

Some contention is made in behalf of appellant that if the contract was breached at all it was breached several months before the commencement of this action when the market value of the iron was considerably less than $25 per ton, and that in any event respondent's recovery should have been measured accordingly. We are quite convinced, however, that in view of appellant's repeated promises to deliver the iron up to near the commencement of this action, and respondent being willing to receive the iron up until near the commencement of this action, appellant is in no position to successfully claim that the breach of the contract occurred prior to the time found by the court, to wit, just prior to the commencement of this action. That being true, the court was fully warranted in measuring respondent's damage for the breach by the difference between the contract price and the market value of the iron at the time of the final demand therefor shortly before the commencement of this action. The following, among numerous authorities which might be cited, lend support to this conclusion: *Menz Lumber Co. v. McNeeley & Co.,* 58 Wash. 223, 108 Pac. 621; *M'Dermid v. Redpath,* 39 Mich. 372; *Brown v. Sharkey,* 93 Iowa 157, 61 N. W. 364; *Trask v. Hamburger,* 70 N. H. 453, 48 Atl. 1087; *Roberts v. Benjamin,* 124 U. S. 64.

The judgment is affirmed.

FULLERTON, HOLCOMB, MACKINTOSH, and BRIDGES, JJ., concur.