FULLER et al. v. SCHUH–MASON LUMBER CO.

(Circuit Court of Appeals, Eighth Circuit. June 4, 1925.)

No. 6722.

1. Appeal and error ⟨⟩⟩853—Charge to which no exception was taken or preserved regarded as correct.

Charge to which no exception was taken or preserved must be regarded as correct.

2. Damages ⟨⟩⟩225—Damages for breach of executory contract regarded by parties as still existing after date for performance estimated as of subsequent date.

Where executory contract is not performed at time specified for performance, but parties continue to recognize it as continuing until future date, party entitled to recover for breach of contract may have his damages estimated as of such later date, and is not confined to damages as of date specified in contract for performance.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Action by the Schuh-Mason Lumber Company against Oscar Fuller and another, as executors of the estate of John J. Marks, deceased. Judgment for plaintiff, and defendants bring error. Affirmed.

Ward, Reeves & Oliver, of Caruthersville, Mo., for plaintiffs in error.

W. Christy Bryan, of St. Louis, Mo. (David S. Lansden, of Cairo, Ill., on the brief), for defendant in error.

Before SANBORN and LEWIS, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge. This action was brought by the Schuh-Mason Lumber Company, hereinafter called the Lumber Company, against Oscar Fuller, and Hanson J. Marks as the executor of the estate of John J. Marks, deceased, said Fuller and John J. Marks having been a copartnership as Fuller & Marks, and hereinafter called Fuller & Marks, to recover damages for breach of two contracts to deliver lumber.

The facts are, on March 8, 1917, Fuller & Marks entered into a contract in writing with

the Lumber Company to sell and deliver to it 500,000 feet of dry cypress lumber f. o. b. Marston, Mo., at varying prices per 1,000 as stated therein. Again, on September 21, 1917, Fuller & Marks entered into a second and further contract with the Lumber Company to sell and deliver to it another 500,000 feet of cypress lumber at $20 per 1,000 feet. All the lumber sold under the first contract mentioned, save 92,026 feet, was delivered, accepted, and paid for. On the contract of September 21, 1917, none of the lumber was furnished or shipped by the seller. Under the uncontradicted evidence in the case, and as charged by the trial court without objection, the first contract as to 92,026 feet, and the later contract as to the entire amount of lumber to be furnished under it, was breached, and the only question submitted to the jury for its determination was the date of the breach of these contracts and the amount of recovery.

It being the contention of the seller, Fuller & Marks, the contracts were breached as of March, 1918, if so, as there was no difference between the price of lumber as of that date and the date the contracts were entered into, no other judgment for the breach could have been upheld, except for a nominal amount. On the contrary, it was the contention of the Lumber Company that at the instance of the seller the contracts were continued in force until September, 1918, at which time the price of lumber had risen on the market in a considerable amount. The matters in issue were submitted to the jury and were stated by the court to the jury in its charge, as follows:

"So, you will see that the questions to be determined by you are very plain and very simple. I repeat them again: First, you are to determine as a question of fact when the breach occurred; second, you are to determine as a question of fact the damages in the case. If you find that the breach occurred in March, I repeat, you would not be justified, under the evidence, in finding anything but nominal damages. If you find it occurred in September, then you are to consider from the evidence in the case, from the testimony of the witnesses for the plaintiff and the witness Powe for the defendants, touching what was the fair and reasonable market price of lumber of this sort, delivered on board cars at Marston, Mo., in the month of September. When you have determined those two questions you have determined this case."

[1] As to the charge, no exceptions whatever were taken or preserved. The question so stated by the court must be regarded as correct. The jury found only nominal damages for the breach of the contract of March 8, 1917, but found a substantial verdict for the breach of the contract last made on September 21, 1917. The ground on which the seller contended the contracts were breached as of March, 1918, was based on a letter said to have been written by the seller to the purchaser as of that date but which letter the purchaser denied having received. The ground on which the purchaser asserted the right to recover damages estimated as of September, 1918, which the jury allowed, as to the second contract, is predicated upon many letters found in the record passing between the parties, tending to show both parties recognized their contracts as continuing in force until that date, and the assignments of error are all based on the fact the jury so found as to the second contract in suit.

[2] Now it seems to be quite well settled by authority, in a case where the time for the performance of an executory contract is reached and performance is not made, but the parties continue to recognize the same as continuing in force, and their obligation thereunder, until a future date, the party entitled to recover as for a breach of such contract may have his damages estimated as of such later date, and is not confined to such damages as might have been shown, had he declared on the contract as breached for nonperformance at the date of performance stated in the contract. Thus, in Roberts v. Benjamin, 124 U. S. 64, 8 S. Ct. 393, 31 L. Ed. 334, Mr. Justice Blatchford, delivering the opinion for the court, said:

"It is contended by the defendants that the referee erred in taking the $34 per ton, the market value of the iron on November 7, 1879, as the measure of damages, instead of the market price in September, when the iron was to be delivered, and when, it is alleged, the breach of the contract occurred. But, although the defendants did not deliver any of the iron on or about September 1, 1879, nor as soon as they had manufactured the required amount, yet it appears from the findings of fact, considered together, that the breach of the contract did not take place until November 7, 1879. The statement in the findings, that the defendants 'postponed the execution of the contract from time to time,' and finally insisted upon certain requirements as conditions of the delivery of the iron, must be accepted as a statement that the postponement of the execution of the contract from time to time down to Novem-

ber 7, 1879, was with the assent of the plaintiff."

In Ralli v. Rockmore (C. C.) 111 F. 874, it is said: "The only question of law in the case, as I understand it, is whether the plaintiffs' right to recover should be tested and determined by the price of cotton at the time it should have been delivered by Rockmore, in October, November, and December, or at the time that the defendant finally notified the plaintiffs that he would not comply with the contract, in January, 1899. Cotton had risen in price during this period, and up to January 4, 1899. I find, as has been indicated, that the breach of the contract was in January, 1899. During the period between the time the various sales were made and January 4th, Rockmore all the time justified the plaintiffs in believing that he would deliver all the cotton sold."

To like effect see Magna Oil & Refining Co. v. White Star Refining Co. (C. C. A.) 280 F. 53: "If a seller of oil which had failed to make delivery at times prescribed by the contract promised to make deliveries of overdue installments, and the buyer waited for a reasonable time thereafter, it was entitled to have its damages for the nondelivery of the oil ascertained on the basis of the difference between the contract price and market value of like oil on the expiration of such reasonable time." See, also, Hickman v. Haynes et al., 10 L. R. Com. Pl. Cases, 598, l. c. 603; Brown v. Sharkey & Ross, 93 Iowa, 157, 61 N. W. 364; Bacon v. Cobb, 45 Ill. 47; Coast Fir Lumber Co. v. Puget Sound Mills' Timber Co., 117 Wash. 515, 201 P. 747; Hess Bros. v. Great Northern Pail Co., 175 Wis. 465, 185 N. W. 542.

It follows there was no error in permitting the jury to estimate the damages as of September, 1918, under the uncontradicted evidence found in this record. Finding no substantial error, the judgment must be affirmed.