(No. 5255.  December 30, 1929.)

ALBERT BINDER, Respondent, v. CHRISTIAN BLAIR and SOPHUS BLAIR, Appellants.

[283 Pac. 613.]

Bothwell & Chapman, for Appellants.

S. T. Lowe, for Respondent.

GIVENS, J.—This is an action on a note to recover a deficiency resulting from the foreclosure of a chattel mortgage which secured said note. The note and mortgage were given under the following circumstances:

Plaintiff and his wife agreed by a duly executed and acknowledged contract to sell on instalment payments certain real estate to defendants. Default was made in the payment of the purchase price but the purchasers remained in possession. Later the parties entered into a supplemental contract, recognizing a forefeiture by reason of the defendants' default, but among other provisions extending the time of payment and providing that contemporaneously with the execution of the second agreement defendants would execute a note for $2,000 secured by the chattel mortgage involved herein. It was also provided that if the

balance of the agreed purchase price was not paid by January 1, 1924, defendants' possession of the premises would be considered unlawful, and possession surrendered, etc.

This supplemental contract was signed but not acknowledged by the parties.

Defendants defaulted in their payments and the note secured by the chattel mortgage being past due and unpaid, demand was made by the plaintiff for the possession of the chattels covered by the chattel mortgage. The demand not having been complied with, on the same day an affidavit for foreclosure of the chattel mortgage, and notice of sale, were placed in the hands of the sheriff and by him served on the defendants. The mortgaged property was sold by the sheriff and a return made that there remained due the sum claimed herein.

Defendants contend that the note on which the action is based was without consideration because the supplemental contract was not acknowledged as required by C. S., sec. 4666, and allege that the foreclosure proceedings by notice and sale were not conducted in a legal manner.

The supplemental contract extended the time of payment called for by the earlier contract. This did not involve the sale, incumbrance or transfer of community real property and did not require acknowledgment. (*Hensel v. Bissell,* 110 Wash. 568, 188 Pac. 774.)

In a line of cases analogous to the case at bar, it has been held that agreements made subsequent to a contract for the transfer of real estate, which subsequent agreements relate merely to details of the earlier agreement, such as the time of payment, are not agreements relating to the transfer of real estate and therefore need not be in writing. (*Valley Planing Mill Co. v. Lena Lumber Co.,* 168 Ark. 1133, 272 S. W. 860; *Neola Elevator Co. v. Kruckman,* 185 Iowa, 1254, 171 N. W. 743; *Stout v. Edwards,* (Mo. App.) 210 S. W. 128.)

Similarly in the case at bar, the subsequent agreement modified certain details of the earlier agreement but did not itself relate to the transfer of community property.

Defendants also urge that the foreclosure proceedings were void because no opportunity was given defendants to surrender the mortgaged property prior to the service of the affidavit and notice of sale by the sheriff.

Both sides asked for an instructed verdict; hence if there is competent evidence to support the trial court's action in instructing for plaintiff such action will not be disturbed. (*Oregon Short Line R. Co: v. Mountain States Tel. Co.*, 41 Ida. 4, 237 Pac. 281.) There was evidence to the effect that the mortgagee and sheriff proceeded to the home of the mortgagors and served upon them a notice signed by the mortgagee demanding possession of the mortgaged property. The demand was not complied with, whereupon the sheriff under proper affidavit took possession of the property.

The instructed verdict was justified.

The other errors assigned have been examined and are without merit.

The judgment is affirmed. Costs awarded to respondent.

Budge, C. J., and T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.

Petition for rehearing denied.