GEORGE COULTHARD, Appellant, v. RICHARD DAVIS, HOMER SHACKLETT, GUS FALMER, JAMES McMANIMIE, *et al.*

Accretion: CHANGE OF RIVER CHANNEL. Land detached from one side of a river by a sudden change in the channel, and left connected with land on the other side, in such manner as to be capable of identification, is not an accretion.

EVIDENCE. A finding that a strip of land running one and one-fourth miles wide along the old meander line of a river, was not accretion, is sustained by evidence that the river flowed along the old meander line less than thirty years before, that such land was good farm land, and has trees on it of all sizes up to two feet in diameter.

LADD, J., takes no part.

*Appeal from Harrison District Court.*—HON. SCOTT M. LADD, Judge.

SATURDAY, APRIL 10, 1897.

THIS is an action in equity, brought by the plaintiff, to quiet title to lands hereinafter described, and from an order removing the defendants therefrom. Plaintiff is the owner of lots 1, 2, 3, and 4 in section 34, Twp. 79, range No. 45 W. of the fifth P. M. These lots

originally bordered on the left, or Iowa bank of the Missouri river, as the same was surveyed and meandered by the general government when the first survey was made. He claims that, since said original survey was made, said river has gradually receded towards the south and west, and there has been formed by the process of accretion, a large body of land adjacent to said lots, which now belongs to him, and a part of which the defendants are now occupying and cultivating. This land, claimed to be accretion to plaintiff's lots, embraces several hundred acres. The defendant Davis denies all of the allegations of the petition except the fact that he claims a portion of this land. He also states that the land occupied by him is not accretion, but was originally a part of the government surveyed lands of the state of Nebraska, and the same was by a sudden change in the channel of the Missouri river, cut off from said state in such a manner as to remain intact and capable of identification, and has since been identified and entered by said defendant at the United States land office, as a homestead, after occupancy by him for about twelve years. He claims to have been for more than ten years in the open and notorious and adverse possession of said land, and asserting his right, title, and claim thereto. Defendant McManimie claims he is the owner of the land west of the original meander line on the left bank of the Missouri river, and which is now on the east side of said river, and a part of it is situated west of the lots owned by the plaintiff; that he acquired his ownership by purchase from various parties who claimed to own the land. He sets up adverse possession of the land for more than ten years, and avers that said land is not accretion to plaintiff's lots, but was originally, according to the government survey, situated on the Nebraska side of the Missouri river, and in Washington county,

in said state, and is now situated partly in the bed of said river, west of the meander line, and partly and principally in Washington county, Neb.; that it was changed to the east side of the river by a sudden rise of the water in 1856-57, which formed a new channel west of the original one; that, the lands being in Nebraska, the courts of this state have no jurisdiction over them.   Defendants Shacklett and Falmer make substantially the same answer as the defendant McManimie, and aver that, prior to the beginning of this action, they had sold all their interest in the land to the defendant McManimie.   Defendants Robenson, Meachem, and Brown do not appear.   All of the defendants appearing, plead that all the matters involved in this suit have already been adjudicated. Plaintiff, in a reply, denies the allegations contained in the several answers, and especially denies that the matters in controversy have been adjudicated.   The cause was tried to the court, and a decree entered for the defendant.   Plaintiff appeals.—*Affirmed.*

*J. S. Dewell* for appellant.

*S. H. Cochran* and *Jesse T. Davis* for appellee Davis.

*L. R. Bolter & Sons* for other appellees.

KINNE, C. J.—I.   The evidence in this case quite satisfactorily shows, that in 1856, when the land adjoining the Missouri river in Iowa was surveyed by the general government, the main channel of said river was a mile and a quarter, or more, east of its present location.   Since said time there has been added to the Iowa side, the tract of land in controversy, as well as other land, embracing in all several hundred acres.   Whether this land has been added in

such a way as to be accretion, or whether it has been added by a sudden and entire change in the river, detaching this body of land from the west bank of the river, and attaching it to what was formerly the east bank of the river, in such a way as that it is capable of identification, is the question we are called upon to determine. What will constitute accretions, is considered and determined in *Coulthard v. Stevens,* 84 Iowa, 245 (50 N. W. Rep. 983). The evidence in the case is in many respects in sharp conflict, and even the early settlers of the county differ much in their recollection as to how, and when this great change in the Missouri river occurred. It would serve no useful purpose to consider, in detail, the evidence of the several witnesses. Indeed, it could not be done without unduly extending this opinion. We must, therefore, state our conclusions reached, after a careful consideration of all of the evidence, and perhaps some of the reasons upon which it is based.

We think the land claimed by plaintiff is not accretion to his lots. We are of the opinion that this large body of land, which was originally west of the Missouri river, was separated from the mainland by reason of a sudden change in the channel of the river, whereby said channel was made more than a mile west of its location in 1856, when the government survey was made. Cottonwood trees, some of them fifteen inches in diameter, and one two feet in diameter, are growing on this tract of land Now, it is shown by the evidence that it takes thirteen years for a cottonwood tree to reach a diameter of one foot, and about twenty-seven years to reach a diameter of two feet. If this be so, then this one tree must have been growing on this land as early as 1867. It also appears that there was a grove on a part of the land, and that a large part of the land is good, tillable land. The soil on the Davis farm is blacker than the rest.

According to several of plaintiff's witnesses, the river, as late as 1868, was running along the old meander line; so that this tract of land, more than a mile and a quarter wide, composed largely of good farm land, and having trees on it of all sizes, up to two feet in diameter, is claimed to have been gradually forming. It may be possible, but under the circumstances and evidence, we think it is not probable that such is the fact. As early as 1874, some of the land, which must also be accretion if plaintiff's witnesses are correct, was occupied by settlers. It is not likely, if this land in controversy formed gradually since the year 1868, or even since an earlier period, that it would be of the character it now is. We should in such case expect to find the soil poor, mostly sand; nor would it be reasonable to expect to find trees of the size of some of those testified to.

II. As the case must be affirmed upon the merits, we do not consider appellees' claim of former adjudication. As plaintiff failed to establish that the land claimed by him was accretion to his lots, the decree entered below was proper.—AFFIRMED.

LADD, J., takes no part.