R. E. DOIGE, Appellee, v. JACK BRUCE, Appellant.

**Real property:** RECOVERY OF POSSESSION: EQUITABLE ACTION. Where one is in possession of leased premises claiming the right thereto by virtue of having purchased the rough feed on the place, and, by assignment of the lease, the rightfulness of his possession cannot be determined in an equitable action, as there is a plain, speedy and adequate remedy at law.

**Same:** LANDLORD AND TENANT. Where a landlord was present at a sale by the tenant of growing corn and pasturage and knew of an assignment of the lease to the purchaser and of his possession thereunder, thus impliedly if not expressly assenting thereto, and it did not appear that the assignee was committing any waste, the landlord cannot adjudicate the purchaser's right of possession in a court of equity.

*Appeal from Dallas District Court.*—HON. J. H. APPLEGATE, Judge.

FRIDAY, FEBRUARY 12, 1909.

SUIT in equity to enjoin defendant from trespassing upon, or in any way interfering with, plaintiff's possession of certain real estate in Dallas County, Iowa. The trial court granted the relief prayed, and defendant appeals.— *Reversed.*

*Fred G. Clarke* and *W. H. Fahey,* for appellant.

*Shortley & Kelley,* for appellee.

DEEMER, J.—It is conceded that plaintiff is the owner of the property involved in this suit, and that he leased the same to Howard Bros. by written lease, which expired March 1, 1907. It was provided in the lease that the lessee should not sell, assign, underlet, or relinquish the premises without the written consent of the lessor. On July 2, 1906, Howard Bros. assigned the lease to one F. H. McCormick, and on September 29, 1906, McCormick in turn assigned the same to one R. D. Howard. Plaintiff impliedly, if not expressly, consented to the lease to McCormick, but, save as hereinafter stated, he did not consent to the assignment to Howard. McCormick occupied the farm, and brought certain property thereon, which latter he concluded to sell, and accordingly announced a public sale for September 18, 1906, which was before the assignment of the lease to Howard. Sale was had on the day indicated, and part of the property sold consisted of about ten and one-half acres of growing corn which was purchased by defendant, Bruce. It is claimed that the auctioneer announced, at the time of the sale, that the successful bidder was to have what was called "the roughness" and the adjoining pasturage, which laid on that side of the highway. Thereafter the defendant procured an assignment of the lease from Howard, but this was without

the plaintiff's consent. After defendant's purchase he took possession of the entire field where the corn was standing, turned his stock therein, and was using the same when this action was commenced. Plaintiff's rent was paid until March 1, 1907—the final payment having been made by McCormick—but he commenced this suit on December 18, 1906. He alleged that defendant, without right or authority, was ‘pasturing his land, and that he refused to take his cattle therefrom, and he also alleged that the cattle were injuring and destroying his hay and pasture land. He further averred that he was in possession of the premises and that defendant had trespassed thereon, and was threatening a continuance thereof, without any right or authority, and that his land was being damaged by plaintiff's stock. Defendant claimed that he purchased the corn and the "roughness" at the public sale on the strength of the statement that he would have the right to pasture the same; that he was in possession of the property with the knowledge and consent of plaintiff, was committing no waste, and that plaintiff's remedy, if he had any, was an action at law. The trial court on the issues joined enjoined defendant from pasturing the premises, or any part thereof, or from interfering, by himself or others, with plaintiff in the free use of the premises. The appeal challenges this decree upon two grounds; First, it is insisted that, as defendant was in possession when the action was commenced, injunction is not the proper remedy for plaintiff to take in order to regain the possession, for the reason that he had a plain, speedy and adequate remedy at law, either to recover the possession by an action of right, or by the summary remedy of forcible entry and detainer; second, he contends that, by reason of the representations made when he purchased the land, plaintiff is estopped from saying that he was not in the rightful possession of the land.

As plaintiff does not recognize defendant as his ten-

ant, this is clearly not an action to prevent waste, and it can only be sustained upon the theory that defendant is upon the land without right, and was and

1. REAL PROPER-
TY: recovery
of possession:
equitable
action.

is a trespasser. Of course an injunction will lie upon the part of a landlord to prevent waste, the erection of a nuisance by the tenant, bad husbandry, and other like cases. Taylor, Landlord and Tenant, sections 691, 208, 418, 422, 685. Injunction, however, is not, as a rule, a possessory remedy, although it will lie to prevent a trespass, or a series of trespasses. But a bill in equity is not the appropriate remedy to gain the possession of property. Jones on Landlord and Tenant, section 565, and cases cited. At the time the suit was commenced defendant was in possession, claiming the right thereto in virtue of his purchase of the corn and "roughness" at the public sale, and in virtue of his assignment of the lease; and the rightfulness of that possession could not be determined, and a change thereof decreed in a court of equity, for the reason that plaintiff had a plain, speedy and adequate remedy at law. Defendant's possession was under claim of right, and an action by injunction is not a proper method whereby to secure an eviction. See cases cited in 22 Cyc. 826, 828, 829. *Wearin v. Munson,* 62 Iowa, 466; *Currier v. Jones,* 121 Iowa, 160; *Johnson v. Lehigh Valley Co.* (C. C.) 130 Fed. 932.

The trial court seemed to think that the land had been abandoned by the tenants under the lease or their assignees, and found that defendants were trespassers, but

2. SAME: land-
lord and
tenant.

this conclusion does not seem to have foundation in the record. Defendant was, from time of the purchase of the corn down to the bringing of this suit, in possession of a part of the property, not only because of his purchase, but by reason of his assignment of the lease, and Howard was in possession of the remainder of the land under an assignment

of the lease therefor to him. Of course there may be cases of irreparable injury from a trespass, where courts of equity will intervene by injunction to prevent the commission or continuance thereof, but this is not one of them. Plaintiff had received his rent for the premises. He knew of the sale of corn, and the roughness to the defendant, and knew that defendant would have to go upon the land to enjoy the fruits of his purchase. He knew that defendant had turned his cattle upon the land for the purpose of getting the benefit of his bargain. He also knew that Howard was in possession under an assignment of the lease to him, and that Howard had assigned the lease to the defendant, who was in possession when this suit was commenced. The effect of the decree was to transfer the possession from defendant to plaintiff. Indeed the decree prohibits defendant from using, occupying, or pasturing the property, and from interfering with plaintiff in the free use of the same. It does not appear that defendant was using or treating the property in any other or different manner than if he had been the purchaser of standing corn upon leased premises; but, if he were, he received, and was granted, the right to do so through the auctioneer who conducted the sale of the property. Whilst this auctioneer was not, perhaps, plaintiff's agent, he (plaintiff) was present when the statement was made, and interposed no objection thereto. The action is not to prevent waste, but to secure and preserve to plaintiff the possession of the property. To such an action it is sufficient to say that defendant is in possession under a claim of right, and that plaintiff has not the possession of the property. Courts of equity will not in such cases attempt to adjudicate the title or right of possession. See cases cited in 22 Cyc. 826, 827.

The trial court was in error in granting the relief asked, and its decree must be, and it is, *reversed*.