ROBERT SNODGRASS, Appellee, v. SARAH A. McDANIEL, Appellant.

**Temporary injunction:** PURPOSE OF WRIT: AFFIRMATIVE RELIEF. The
1 purpose of a temporary injunction is to preserve the *status quo*
of the parties; it is. not to obtain affirmative relief in advance of
the trial and should not issue for that purpose. Thus where plain-
tiff sought to establish title to property and the right to continue
in lawful possession, a termination of the occupancy in favor
of defendant by temporary injunction before a trial of the main
case, would be awarding affirmative relief prematurely, not a
fair function of such a writ.

**Same:** REFUSAL OF WRIT ON APPEAL. Even though the court erred in
2 denying a temporary injunction, if the purpose of the writ has
been superseded by a final decree in the lower court, or if sufficient
time has elapsed in which the case should have been determined
on its merits, the appellate court will not order the issuance of
the writ.

*Appeal from Louisa District Court.*—HON. JAMES D.
SMYTH, Judge.

TUESDAY, NOVEMBER 23, 1909.

THIS is an appeal from an order of the trial court
denying an application for temporary injunction. *Af-
firmed.*

*Wade, Dutcher & Davis* and *H. O. Weaver,* for appel-
lant.

*C. A. Carpenter* and *Oscar Hale,* for appellee.

EVANS, C. J.—Plaintiff and defendant are brother and
sister. In October, 1908, the defendant's husband died.

By his will certain provision was made for his wife. Subject to such provision an undivided half of the remainder of certain real estate was devised to the plaintiff. Immediately after the death of the husband the plaintiff and his wife and two daughters moved into the home of the defendant, and occupied it jointly with her by mutual arrangement for the time being. Within a few months friction developed, and this litigation has resulted. The defendant has declared her inability to live with the plaintiff's family, and has demanded that they leave her home, and has temporarily absented herself from the home because of the refusal of the plaintiff's family to leave the same. The plaintiff contends that the defendant made a verbal gift of the home to him on condition that she should be cared for therein during her lifetime. The plaintiff brought this action to establish his alleged title and interest, and the defendant filed a cross-bill. In her cross-bill she prayed for a temporary injunction enjoining the continuance of the plaintiff and his family in the occupation of her home. A brief hearing was had partly upon affidavits and partly upon oral testimony, and the application for a temporary injunction was denied. The defendant appeals from such order of refusal.

The case is pending for final determination upon the merits. We do not wish to prejudge any question of fact involved therein, nor to intimate any opinion as to the merits, upon the record before us.

I. Some latitude of discretion must be permitted the trial court in allowing or refusing a temporary injunction. The relief sought by temporary injunction in this case

1. TEMPORARY INJUNCTION: purpose of writ: affirmative relief. was not the maintenance of the *status quo* of the parties. The application was an effort to obtain affirmative relief in advance of trial. The occupancy of plaintiff had a lawful beginning. His right to a continuance of such occupancy is one of the questions at issue in the case. All that the defendant

could fairly ask was that the *status quo* be maintained pending the litigation. To terminate the occupancy of the plaintiff by temporary injunction before a trial of the issues would be to award affirmative relief prematurely. To terminate the occupancy or possession of real estate by one party and award it to the other is beyond the fair function of a temporary injunction. *Minneapolis & St. L. R. R. Co. v. C., M. & St. P. R. R. Co.,* 116 Iowa, 681.

II. Even if the trial court erred in refusing such application, the occasion for our passing upon the question has quite gone by. Since the hearing on the application three terms of the trial court have occurred, and there has been abundant opportunity to bring the case to trial upon the merits. A final decree in the lower court would supersede a temporary injunction, even though it were ordered by this court. *Chamberlain v. Brown,* 144 Iowa, 601.

2. SAME: refusal of writ on appeal.

The order of the trial court is *affirmed.*