GEORGE COULTHARD v. RICHARD DAVIS, G. D. McINTOSH, FRANK ENGELKE ET AL., Appellants.

Quieting title: PRELIMINARY INJUNCTION: RELIEF: APPEAL. Where a preliminary injunction in an action to quiet title and enjoin a conspiracy to assert and take possession of plaintiff's land was not granted, but defendant remained in possession until final determination of the case, he could not raise the objection on appeal that plaintiff was not entitled to a temporary injunction because of an adequate remedy at law, and because the right of possession can not be adjudicated on a showing for a preliminary hearing.

**Same:** INJUNCTION: WRIT OF POSSESSION. The court in an action to quiet title may enjoin the defendant from conspiring to interfere with plaintiff's possession and may grant a writ of possession where it has determined that plaintiff has title and a right to the property.

**Same:** NATURE OF ACTION: JURISDICTION: LOCATION OF PROPERTY. An action to quiet title and to restrain an interference with plaintiff's possession is *in personam* and it is not material that the land is located in another state.

**Landlord and tenant:** RIGHTS OF TENANT. A tenant holding over after the expiration of his lease acquires no' rights adverse to his landlord, who obtained title to the property by adverse possession.

.*Appeal from Harrison District Court.*—HON. O. D. WHEELER, Judge.

.WEDNESDAY, JULY 5, 1911.

ACTION to quiet title and to enjoin the defendant from carrying out a conspiracy for taking possession of certain land claimed by plaintiff, and from asserting any title or right of possession to said land. There was a decree for the plaintiff, from which all of the defendants above named appealed, but it is conceded that the interests of defendants Richard Davis and G. D. McIntosh, if any they had in the premises, have been acquired by the plaintiff, and that the appeal is now prosecuted alone by the defendant Frank Engelke. The other defendants in the action as originally instituted raised no issue as to plaintiff's right, and they make no complaint in this court.—*Affirmed.*

· *Sanford H. Cochran,* for appellant Engelke.

·*J. S. Dewell* and *Roadifer & Arthur,* for appellee.

McCLAIN, J.—Plaintiff claims title through various conveyances and by adverse possession of a tract of land

included within the surveyed lines of section 34 in township 79 north, range 45 west, of the fifth principal meridian, in Harrison County, and of the accretions to said tract of land formed by the recession of the Missouri River, which formerly covered a portion of the territory which would have been included within the lines of such section had they been expanded to include a full section in the government survey, with the exception, however, of certain specified tracts, as to which there is no controversy on this appeal. The general history of plaintiff's claim to this land may be gathered from the opinions of this court rendered in the following cases: *Coulthard v. Stevens*, 84 Iowa, 241; *Coulthard v. Davis*, 101 Iowa, 625; *Coulthard v. McIntosh*, 143 Iowa, 389. From what is said in these opinions, it is apparent that there has been a controversy between plaintiff and various claimants as to whether portions of the tract of land now claimed by plaintiff had been formed by accretion to the surveyed portions of section 34, or had been by avulsion cut off from the state of Nebraska by a sudden change in the main channel of the Missouri River. The cases above cited are not now material as adjudications of any issue on this appeal, for Engelke, who is the sole appellant, was not a party to any of them, and does not claim title under any one who was a party to those adjudications. Those cases are now referred to simply for the purpose of making clear the general nature of plaintiff's title.

I. The first contention for appellant is that plaintiff was not entitled to an injunction because he had a plain, speedy, and adequate remedy at law; but, although a temporary injunction was prayed by this plaintiff, no relief was granted to him in this respect, and Engelke remained in possession until the final determination of the case.

1. QUIETING TITLE: preliminary injunction: relief: appeal.

The holdings of this court, therefore, relied upon by appellant, to the effect that the right of possession should not

be determined on a showing for a preliminary injunction, are not in point. *Minneapolis & St. L. R. Co. v. Chicago, M. & St. P. R. R. Co.,* 116 Iowa, 681; *Snodgrass v. McDaniel,* 144 Iowa, 674.

That the trial court, having determined the question of title and right of possession in favor of the plaintiff, might properly enjoin the defendants from conspiring to-

2. SAME: injunction: writ of possession.

gether to interfere with plaintiff's possession, and on a finding of title in plaintiff and want of any title or right of possession in defendant Engelke award to plaintiff as against said defendant a writ of possession, is self-evident. There were the necessary allegations of repeated trespasses and insolvency on the part of at least several of the defendants such as to justify a decree in injunction. *Martin v. Davis,* 96 Iowa, 718. That a writ of possession may be awarded to plaintiff in an action to quiet title has been decided in *Wyland v. Mendel,* 78 Iowa, 739, and there can be no doubt of the power of a court of equity to grant such relief.

The trial court did not err in refusing the request of the defendant to transfer the case to the law docket in order that there might be a jury trial.

II. In this case it is wholly immaterial whether any portion of the land in controversy was in fact within the limits of the state of Nebraska. Plaintiff might have title

3. SAME: nature of action: jurisdiction: location of property.

by adverse possession irrespective of the jurisdictional location of the land; and, as his action was properly instituted *in personam* and not *in rem,* he might have equitable relief, regardless of the jurisdiction of the courts of this state over the land itself as the subject-matter of controversy. Moreover, the defendant Engelke was not a party to the case in which it was held that a portion of the land in controversy was in fact within the limits of Ne-

braska, and he makes no claim under any party to such action nor as privy in title to any such party.

III. As to the merits of the controversy between plaintiff and defendant Engelke, it is sufficient to say without referring specifically to the evidence in the record that the trial court was fully supported by the evidence in finding that plaintiff established his title as against Engelke by proof of actual, open, notorious, uninterrupted possession under claim of right and color of title for more than ten years prior to the institution of his action, and that defendant Engelke went into possession of the portion of the land claimed by him as plaintiff's tenant, and remained in possession as such tenant until the termination of a lease for the premises in March, 1909, since which time he has retained such possession notwithstanding the service upon him by plaintiff of a notice to quit. As Engelke shows no title whatever to the premises which he claims and plaintiff has shown title in himself by adverse possession, the inception of which was prior to any claim by defendant Engelke of title or right to possession, there can be no question as to the correctness of the decree awarding a return of possession to the plaintiff. There is nothing in this case to warrant the assumption made for defendant Engelke that the tract of land claimed by plaintiff, of a portion of which Engelke acquired possession as plaintiff's tenant, was or is unclaimed land. Defendant Engelke acquired no right merely by settling upon it. Much less could he acquire any right thereto by holding over after the expiration of his lease under which he had held possession as plaintiff's tenant.

*4. LANDLORD AND TENANT: rights of tenant.*

The decree of the trial court is *affirmed.*