GEORGE COULTHARD, Appellant, v. E. E. McFERRIN et al., Appellees.

**QUIETING TITLE:** Decree—Conclusiveness in re Issue of Accretion.
1   A claimant to land who, in an action to quiet title, presents in his own behalf the *one* issue that the land was accretion to his other land, and suffers an adverse finding in the decree rendered, may not later, in another action against the same parties or their privies, involving the *same* issue, deny the jurisdiction of the court and the consequent conclusiveness of the decree, on the ground that the court went beyond the finding of nonaccretion and also found and decreed *that the land was located within the boundaries of a foreign state.*

**JUDGMENT:** Conclusiveness—Different Result in Other Actions.  The
2   conclusiveness of a decree as to the ultimate fact litigated is in no wise lessened by the fact that, in later litigation between *other* parties, involving the same issue, a different conclusion was reached.

**QUIETING TITLE:** Degree of Proof—Dismissal of Petition.  In an
3   action to quiet title, wherein plaintiff predicates his title on the sole claim that the land is accretion to other land owned by him in this state, the court has jurisdiction to dismiss the plaintiff's petition, either on the finding (1) that the land is located within another state (in which case plaintiff concedes that he would have no title), or (2) that the land was located within the state of Iowa, and that the defendant held title thereto by adverse possession.

*Appeal from Harrison District Court.*—O. D. WHEELER, Judge.

DECEMBER 15, 1922.

SUIT to establish and quiet title, and for equitable relief. The defendants pleaded: (1) a general denial; (2) adverse possession; and (3) a former adjudication. There was a decree dismissing the plaintiff's petition, and he appeals.—*Affirmed.*

*J. S. Dewell,* for appellant.

*C. W. Kellogg,* for appellees.

EVANS, J.—I. The plaintiff claims the land in controversy as accretions to certain riparian land owned by him in Section 34, Township 79, Range 45. The lands in question border upon the left bank of the Missouri River.

In support of their plea of former adjudication, the defendants put in evidence the record in the case of *Coulthard v. Davis,* which went to decree in the district court of Harrison County in the year 1897, which decree was affirmed in this court by opinion appearing in 101 Iowa 625. All the lands involved in the present controversy were likewise involved in such former suit, except the lands of the defendant Caley. All the other defendants who were not actual parties to the former litigation acquired their respective titles from, through, and under actual parties therein. They are, therefore, entitled to the protection of such former adjudication. In such former suit, the claim of the plaintiff to the lands in question was precisely what it is in the present suit. By the decree in such former suit, his petition was dismissed upon the merits at his cost. Each and all of the purchasing defendants have been in actual and adverse possession of their respective holdings under their deeds of purchase for more than ten years prior to the beginning of this suit, such possession being maintained by actual occupancy and use and fences upon the boundary lines.

1. QUIETING TITLE: decree: conclusiveness *in re* issue of accretion.

It is urged by appellant that the alleged former adjudication was without jurisdiction, in that the title under which the

defendants hold, rests upon an original conveyance by the state of Nebraska, and not by the state of Iowa, and that, therefore, the Iowa court had no jurisdiction over Nebraska land. It appears by such former adjudication that the court held that the land in question had been on the west side of the Missouri River, and therefore in Nebraska, and that it had been cut off by a sudden avulsion, and thereby cast upon the east side of the river. Upon such fact the defendants' claim of title was predicated in such former suit, and was sustained by the decree. The argument for appellant is that if this was Nebraska land, the court had no jurisdiction, either then or now, to award title to the defendants; and that, if it was Iowa land, then the defendants had no claim of title thereto, and the same should be awarded to the plaintiff as accretions to his riparian lands. The defect in this position is that the burden was upon the plaintiff to establish his title and right of possession. The court had personal jurisdiction both of the plaintiff and of the defendants. The decree dismissed the petition on its merits. This adjudication was repeated in a still later case. *Coulthard v. Davis,* 151 Iowa 578. Further discussion appears in Division II hereof.

It is further argued by appellant that the finding of fact in support of the former adjudication was inconsistent with the finding of facts in later litigations between litigants other than those involved in the present and former adjudications pleaded. From this premise it is argued that the finding of facts upon which the former adjudication was predicated is not a binding adjudication, but that such facts are subject to be disproved by the same litigants in subsequent litigation. Conceding, for the sake of the argument, that the findings of fact upon which the former adjudications were predicated were, in the light of evidence produced in other litigations, between other litigants, probably erroneous, this does not defeat the full force of the adjudication as such, as between the parties to the former litigation and as to those claiming under them. It is not true, as appellant contends, that the *facts* may be relitigated by the same parties after a final adjudication between them. It is true that the rule of *stare decisis* does not make a finding of facts in one case a binding precedent in another case between other litigants; because

2. JUDGMENT: conclusiveness: different result in other actions.

the finding of facts is always dependent upon the particular evidence in the particular case. The rule of *stare decisis does* make the pronouncement of the law, and that only, a binding precedent, until overruled, in all future cases to which it is fairly applicable. Whether it be applicable in a particular case may be dependent upon the facts as found under the evidence in *that* case. This is all that is held in *Stern v. Fountain,* 112 Iowa 96, and in *Kitteridge v. Ritter,* 172 Iowa 55. These are the cases cited by appellant in support of his proposition. They do not sustain it. We hold, therefore, that the plaintiff is fully barred by former adjudication from further claiming title to any of the lands involved herein, except those of defendant Caley.

II. It remains to consider the defense of Caley. The lands claimed and occupied by Caley were formerly and for many years occupied and claimed by Bevelheimer. Fifteen or twenty years prior to the beginning of this suit, Bevelheimer conveyed to Caley. Ever since such time, Caley has been in the open, notorious, and adverse possession of the land, in actual occupancy and use thereof, and during all that time maintaining fences upon his claimed boundary lines. On the face of the record, therefore, Caley's defense appears to be unassailable. The argument for appellant, however, is that, inasmuch as Caley's only title is traceable to the state of Nebraska, and is predicated upon the theory that it was originally Nebraska land, then this court has no jurisdiction to find or adjudicate an adverse possession in his favor. But this argument has two edges, and its sharpest edge is turned toward the plaintiff. If this be Nebraska land, the plaintiff concedes that he has no title to it. Manifestly, in such event, he would not be entitled to a decree in his own favor. His alleged title is predicated upon the claim that the land is Iowa land, and that he has acquired it, as such, by accretion to his riparian lands. If it be Iowa land, then manifestly the statute pertaining to adverse possession is applicable thereto, and Caley's showing of adverse possession would be a sufficient basis for an affirmative decree quieting title in his favor. If, on the other hand, it was Nebraska land, the court had complete jurisdiction of the person of the litigants, and had jurisdiction to dismiss the plaintiff's petition. If it was Iowa land, the court

*3. QUIETING TITLE: degree of proof: dismissal of petition.*

had jurisdiction both of the person of the litigants and of the subject-matter of the litigation. In such event, it had jurisdiction, not only to dismiss plaintiff's petition, but to award affirmative relief to the defendant. The decree actually entered purported to dismiss the plaintiff's petition,—nothing more, nothing less. This it had jurisdiction to do, regardless of whether the land should be deemed a part of Nebraska or a part of Iowa. No finding was required upon that question, and none was made.

The decree of the district court is, accordingly, affirmed.—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.