WILLIAM ARND (THOMAS L. MCGARRY, Substituted Plaintiff) and VERNE BENJAMIN, Appellees, v. E. A. HARRINGTON et al., Appellants.

No. 44455.

44

AUGUST 1, 1939.

REHEARING DENIED NOVEMBER 24, 1939.

J. J. Ferguson, for appellants.

John J. Hess, for appellees.

HALE, J.—The land involved in this controversy is situated to the east and north of the Missouri river, within the lines of Pottawattamie county, and is described as the northeast quarter of the southwest quarter, the northwest quarter of the southwest quarter, and the southwest quarter of the southwest quarter of section 24, township 74, range 44, and the northwest quarter of the northwest quarter of section 25, same township and range. Eliminating the first 40-acre tract (the northeast quarter of the southwest quarter of section 24), to which defendants expressly

disavow any claim, the remainder of the land is also described throughout most of the pleadings as being in Sarpy county, Nebraska, but will hereafter for convenience be described as in Iowa. The principal controversy is as to the southwest 40-acre tract of section 24, and the northwest 40-acre tract (apparently fractional) of section 25. The southwest quarter of the southwest quarter of section 24 lies north of the land in section 25, and both lie immediately west of lands claimed to be owned by defendants. Defendants' title to their land is derived from a deed from one Batchelor, dated October 18, 1932, conveying land east of creek except the east 40 feet of the southeast quarter of the southwest quarter of section 24, together with all accretions thereto. The tract conveyed, exclusive of accretions, contained about 8 acres. Plaintiffs' title is claimed through a series of conveyances and transfers of title to the west half of southeast quarter of section 24 and northwest quarter of northwest quarter of section 25, the conveyance to plaintiffs being from Marks in 1920. Included in the record of title is a quitclaim deed from Batchelor to the Lake Manawa and Manhattan Beach Railroad Company, of "all that part of the southwest quarter of section 24-74-44 lying west and north of Mosquito Creek and lying north of the Missouri River; also that part of the southeast quarter of section 24-74-44, said tracts containing 200 acres more or less, the intention being to convey to said company said land and accretions, whether situated in Pottawattamie County, Iowa, or Sarpy County, Nebraska." This deed was dated January 18, 1900.

The basis of the controversy is the right to accretions formed by the recession of the river, which for a long time has flowed west and south of the lands of plaintiffs and defendants and the accretions in dispute. The petition in this case was filed March 6, 1935, plaintiffs alleging ownership of the lands and trespass and injury by the defendants, and asking writ of injunction. Temporary injunction was granted, and afterwards temporary injunction granted to defendants on their cross-petition, which latter injunction was later dissolved. Among other proceedings, the plaintiffs, in April 1935, filed petition in Sarpy county, Nebraska (which lies across the river to the west of Pottawattamie county, Iowa), asking injunction and decree quieting title. Whether this was done to forestall any juris-

dictional claim in the Iowa case, or from uncertainty as to the state in which the land is situated, we do not know. At any rate, defendants later appeared in the Nebraska action, denied generally, pleaded lack of jurisdiction, and averred that the lands were in Iowa. Trial was had, and a decree rendered quieting title in plaintiffs and enjoining defendants from claiming any interest in, or going upon, or interfering with plaintiffs in their possession of, the land.

Petition and answer and cross-petition in the present action were amended at various times, but in substance the issues consist of the claims to the land. McGarry was substituted as party plaintiff for Arnd, and by another amendment Theodore Batchelor, Fred Schiferli, John Lewis, and Roy Lewis were made parties defendant, on the ground that they were trespassing and interfering with plaintiffs' use and occupancy. Defendants, in addition to their claim of ownership, deny jurisdiction of the Iowa court.

Defendants concede that they are occupying and using the southwest quarter of the southwest quarter of section 24, but claim right and title thereto as accretions to their land in the southeast quarter of the southwest quarter.

[1] The pleadings are extensive, and the evidence introduced much too voluminous to undertake to set it out to any great extent in an opinion. Much of it relates to matters we do not think are essential to the disposition of the case. Some of the exhibits are not found with the record or are misplaced. But the greatest difficulty experienced in examining the evidence was that in some cases questions referred to maps and plats, but the witnesses merely indicated by pointing to the locations inquired about. It also appears from the transcript that the court was to examine the premises in question. Whether it did so or not the record does not disclose. We may assume that if it did, it was merely for the purpose of applying the testimony. But, under the circumstances, caution must be exercised in reaching a different conclusion on some of the facts than the conclusion reached by the trial court, and the presumption must be indulged that the trial court performed its duty and reached a proper conclusion. Harrington v. Foster, 220 Iowa 1066, 264 N. W. 51, and cases cited.

[2] The land in controversy and land in its vicinity have

been the subject of considerable litigation in times past, but the decrees offered in evidence involved either other lands or other parties or both. The Harrington case, against one Foster, related to land in the adjoining 40 acres, and the defendant in that case was not connected in interest with the plaintiffs herein nor their predecessor in title. A case involving taxation of this tract was also offered in evidence, but could have no bearing on the rights of the parties hereto, who were not parties to such proceeding. They could not be affected by the result of that suit. Nor is it necessary to consider the effect of this other litigation. Coulthard v. McFerrin, 194 Iowa 1133, 190 N. W. 940.

█ Defendants' claim to ownership rests upon their title to the land deeded by Batchelor in the southeast quarter of southwest quarter. With reference to the description in the deed there was considerable evidence offered as to the location of Mosquito creek, but the weight of evidence shows that the creek, as shown on the plat offered in evidence, flows and has flowed as plaintiffs claim. In the 8 acres of the Batchelor tract there are possibly 5 acres of ground called "land in place"—not accretions, but the original soil, and not the result of deposit by the river. On the basis of the ownership of the land in place, and their deed from Batchelor, defendants make claim to all land south and west to the river. The plaintiffs, however, claim ownership by adverse possession and contend that the land is a part of Nebraska, caused by the shifting of the stream and by deposits upon Nebraska land which cut off such shifting and change of bed so as to lie on the east side of the channel, instead of the west side as it formerly did. Much of the controversy and a great deal of the evidence in the case related to the history of the river, and its various changes of channel and course. At the time of the original government survey the east, or Iowa, bank of the river was about the west line of section 24. It thereafter moved north and east over the lands in dispute, until in 1881 it changed its course and for some time flowed to the west of and along the south line of these lands. The land is now, and has been for many years, east of and north of the river.

The rules as to state boundary rivers have been quite definitely established. Boundaries (established in the middle of

the main channel) vary as channels change by accretion. Bigelow v. Herrink, 200 Iowa 830, 205 N. W. 531; State of Nebraska v. State of Iowa, 143 U. S. 359, 12 S. Ct. 396, 36 L. Ed. 186; State of Arkansas v. State of Tennessee, 246 U. S. 158, 38 S. Ct. 301, 62 L. Ed. 638, L. R. A. 1918D, 258; Kitteridge v. Ritter, 172 Iowa 56, 151 N. W. 1097; O'Connor v. Petty, 95 Neb. 727, 146 N. W. 947. But a sudden change, by cutting off land by avulsion, leaves the boundary still the thread of the main channel as it was preceding such change. State of Nebraska v. State of Iowa, supra; State of Arkansas v. State of Tennessee, supra; O'Connor v. Petty, supra; Kitteridge v. Ritter, supra. As to the rule as to the process of accretion, and the necessity that it be gradual, see 9 C. J., p. 195; Noyes v. Collins, 92 Iowa 566, 61 N. W. 250, 26 L. R. A. 609, 54 Am. St. Rep. 571; McCoy v. Paxton, 156 Iowa 194, 135 N. W. 1091. And there are certain presumptions that are recognized: first, that land being on the east side of the Missouri river is presumed to be in Iowa; and second, it is presumed to be the result of accretion. Kitteridge v. Ritter, supra, and cases cited 172 Iowa on p. 59, 151 N. W. 1097, thereof.

But we do not think a consideration of the history of the river, or its wanderings or the results thereof, is necessary to a determination of the rights of the parties, and we therefore need not and do not make any finding as to these questions. An examination of the evidence in regard to the title and claims of plaintiffs as to ownership, we believe fully determines the rights of the parties. Nor, in view of our holding in this case, is it necessary to consider or pass upon the force and effect of the Nebraska decree. Such decrees have been approved as to injunctions. Restatement Conflict of Laws, sec. 96; 21 C. J., sec. 132, p. 152; and, see Coulthard v. McFerrin, supra.

██ It appears by the evidence that for more than fifteen years the plaintiffs have been in possession of the land under color of title, and claim of right, open, notorious, hostile and adverse as against all others. Before plaintiffs acquired title it was so held by their predecessors in title. Since acquiring ownership, which was by color of title, they have leased the land to tenants and such leases were offered in evidence, covering the entire period. It was fenced along the east side. They or their tenants have been in possession, using the land to the

extent it was capable of use, have grown crops and exercised all the attributes of ownership. This use, occupancy, and control, dates back beyond the period of their purchase, but it is sufficient for the purpose to refer only to the date of acquisition. The evidence clearly shows that the title is in the plaintiffs. As to acquisition of title in this way it is not necessary to cite authorities. Even assuming that the land was accretion to defendants' "land in place", we hold that, under the evidence, the plaintiffs hold title to the tracts described as the west half southwest quarter and the northeast quarter of the southwest quarter of section 24, and the northwest quarter of the northwest quarter of section 25, all in township 74 north, range 44, west of the 5th P. M.

Defendants urge that the decree was not in conformity with the pleadings on account of part of the land being described as Nebraska land. There was no question, and there could be no question, as to just what land was in dispute. Throughout the litigation, in the evidence and many of the exhibits, the land has been fully described and the decree covers the land in controversy. Kitteridge v. Ritter, supra; Coulthard v. McFerrin, supra.

The district court held that it had jurisdiction and we think it was correct in so holding. This is a suit for injunction. All parties appeared, and, subject to their right to appeal, are bound by the decree.

Plaintiffs appeal from the decree of the court refusing to award damages. For the reasons heretofore given we are not disposed to question the judgment of the court in this respect. From examination of the record we find it very difficult to determine the extent of the use of the land by defendants, and aside from the varying opinions of some of the witnesses, the value of the use. We are persuaded that the decree of the court who tried the case should be sustained. The case should therefore be affirmed.—Affirmed on both appeals.

OLIVER, C. J., and HAMILTON, STIGER, SAGER, BLISS, and MILLER, JJ., concur.