Sinclair Refining Company, Appellee, v. Daniel E. Cole et al., Appellants.

No. 45291.

December 10, 1940.

Rehearing Denied March 21, 1941.

Cornwall & Cornwall, for appellee.

F. C. Lovrien and J. I. Hossack, for appellants.

Richards, C. J.—In its petition plaintiff averred that it was lessee of two tracts of real estate owned by defendant Daniel E. Cole, upon each of which was a service station for the carrying on of the business of selling gasoline and like products. Averring that defendants had interfered with plaintiff's rights as lessee of the premises and were continuing so to do, plaintiff prayed that defendants be enjoined from coming on the premises during the term of plaintiff's leases and from interfering in any manner with the right of plaintiff to use, possess and occupy the premises under the leases, and that a temporary injunction issue accordingly without notice, and that on final hearing the writ be made permanent. Damages in such amount

as may be proper, and such other relief as may be necessary to protect plaintiff's rights were prayed. By order of the judge the temporary writ of injunction was issued without notice, restraining defendants from in any manner going on the premises or in any manner interfering with the rights of plaintiff to occupy the premises under the leases. Thereafter defendants filed answer denying each and every allegation of the petition, excepting plaintiff's corporate capacity and that defendants had executed the leases and had removed certain of plaintiff's advertising matter from the premises. Further answering defendants averred, in substance, that said leases contain only a portion of the agreement between plaintiff and defendants with respect to the leasing of the premises to plaintiff and prayed that the leases be reformed accordingly and that same be decreed to be terminated and canceled, and that the plaintiff's petition be dismissed and the writ of injunction quashed.

The first proposition relied on by defendant-appellants for reversal raises the question whether plaintiff was entitled to be granted the relief it sought by obtaining a writ of injunction. The injunction was not sought or issued as an auxiliary remedy merely to preserve the *status quo* in an action brought by ordinary proceedings on account of breach of contract or other injury, under section 12513, Code, 1939. On the contrary, plaintiff's action was one to obtain an injunction as an independent remedy in an action by equitable proceedings. The statutory limitation upon the obtaining of an injunction as an independent remedy is this—it may be obtained in cases where such relief would have been granted in equity previous to the adoption of the Code. Section 12512, Code, 1939. In construing these statutes this court has repeatedly and definitely held that injunction is not a possessory remedy. It will lie in proper cases to prevent a trespass upon the rights of one in possession of real estate. But when defendant is in possession when the action is commenced injunction is not a remedy plaintiff may adopt in order to regain possession. To terminate the occupancy or possession by one party and award it to the other is beyond the function of a temporary injunction. The sound reasons for so holding need not be again recited. They are found in Doige v. Bruce, 141 Iowa 210, 119 N. W. 624; Snodgrass v. McDaniel,

144 Iowa 674, 123 N. W. 336; City of Audubon v. Iowa L., H. & P. Co., 192 Iowa 1389, 186 N. W. 434; Snouffer & Ford v. Tipton, 161 Iowa 223, 142 N. W. 97, L. R. A. 1915B, 173.

The facts in the instant case bring it within the pronouncements in the cited cases. Upon the trial it developed, and was conceded, that when this action was commenced defendants were in the possession of the real estate in dispute. This possession they had obtained peaceably and they were claiming under right of ownership, and concededly they were owners, and defendants were disputing that plaintiff had any right to possession. Plaintiff was not in possession. The relief plaintiff sought and which the court decreed was that plaintiff be placed in possession of the premises and that defendants be ejected therefrom. Among other things the court decreed that plaintiff be repossessed of the property upon condition that it pay certain rentals in the future it claimed it did not owe, and decreed that defendants remove all their personal property from the real estate and enjoined them from coming upon the premises. It was further decreed that in event the defendants fail to surrender possession to plaintiff on or before February 1, 1940, then writ of possession shall issue from the office of the clerk of the district court directed to the sheriff, and that thereunder the plaintiff shall be placed in possession of the premises.

Plaintiff attempts to avoid our holdings under such state of facts, by pointing out that defendants pleaded an equitable defense and the case was tried and submitted as an equitable proceeding without objection on part of defendants. But we are not in agreement that defendants did not question the right of plaintiff to seek relief by injunction. In addition to denying generally the allegations of the petition defendants separately pleaded that the allegations of the petition did not entitle plaintiff to the relief demanded, and prayed in the answer that the petition be dismissed and the writ of injunction quashed, and upon argument of the case to the trial court submitted a brief in writing, a part of which was in this language:

"This is a suit asking a temporary injunction and answering the defendant claims that plaintiff is not entitled to such relief or any relief.

"It was shown by the undisputed evidence that the plaintiff was not in possession of the property either by themselves or by tenants at the time suit was commenced so that as a matter of fact the suit is an attempt to recover the possession of real estate by an injunction.

"That possession of property can not be recovered in such manner and that a temporary injunction is not the proper remedy for recovery of possession is the holding in the following cases: [Citing cases set out above and others].''

We are constrained to hold that plaintiff was not entitled to be granted the relief it sought by obtaining an injunction, and that the court should not have entertained the petition. The decree is reversed and the cause remanded for a dismissal of the case in the district court,—Reversed and remanded.

MILLER, SAGER, HALE, HAMILTON, and BLISS, JJ., concur.