THEO LORENZEN, Appellee, v. ROY BERG, Appellant.

No. 46353.

MARCH 7, 1944.

W. N. Williams and Homer I. Smith, both of Clinton, for appellant.

M. L. Sutton, of Clinton, for appellee.

MULRONEY, J.— In his petition filed on January 20, 1943, in the municipal court of Clinton, Clinton County, Iowa, plaintiff averred that he had leased his farm in Jackson county to the defendant for a three-year term commencing March 1, 1942, but that the lease was terminated by oral mutual rescission to take effect on March 1, 1943. He alleged that he then leased the land to another, with defendant's full knowledge, but that defendant threatened to continue in possession after March 1,

1943, and he "has every reason to believe that said defendant will carry his threat into effect and will trespass upon the land of the plaintiff on and subsequent to March 1, 1943 unless restrained." The prayer was for a judgment "restraining the defendant * * * from personally or through his agents or representatives from committing trespass upon said land or for remaining thereon subsequent to March 1, 1943." In another count in the petition the plaintiff prayed for a similar injunction after alleging violations of certain clauses in the lease. Defendant's pleading, which was termed a demurrer but seems to have been treated as a motion to dismiss, sought dismissal of the petition on the ground that the court had no jurisdiction of the parties or the subject matter. After the demurrer was overruled, defendant filed a general denial which was later amended to include in paragraph 2 the legal defense "that the allegations of Plaintiff's petition * * * do not entitle Plaintiff to the relief demanded * * * ." This paragraph 2 was stricken upon plaintiff's motion and the cause proceeded to trial and decree, dated February 19, 1943, enjoining defendant "personally, permanently, and perpetually * * * from going upon the premises * * * either by himself or by his agents * * *. Further, That said injunction shall become effective as of March 1, 1943 and that between this date and up to but not including date of March 1, 1943, the defendant and his agents are entitled to the use of said premises."

I. Although several propositions are urged for reversal, we need but consider the basic proposition that no such action to obtain an injunction as an independent remedy can be maintained under the statutes and the holdings of this court. The pleadings and the decree show that the action is one to determine the right to possession of real estate after March 1, 1943. Section 12512, Code of 1939, provides:

"An injunction may be obtained as an independent remedy in an action by equitable proceedings, in all cases where such relief would have been granted in equity previous to the adoption of the code."

No case has been cited which holds that equity could grant such relief in an independent action. Injunction is not a pos-

sessory action. In 32 Am. Jur. 848, section 1012, the rule is stated:

"Generally, a suit in equity does not lie to enable a landlord to recover premises from a tenant, and an injunction will not issue for such purpose."

Our latest pronouncement is contained in Sinclair Co. v. Cole, 229 Iowa 763, 764, 294 N. W. 884, 885, where we stated:

"To terminate the occupancy or possession by one party and award it to the other is beyond the function of a temporary injunction. The sound reasons for so holding need not be again recited. They are found in Doige v. Bruce, 141 Iowa 210, 119 N. W. 624; Snodgrass v. McDaniel, 144 Iowa 674, 123 N. W. 336; City of Audubon v. Iowa L., H. & P. Co., 192 Iowa 1389, 186 N. W. 434; Snouffer & Ford v. Tipton, 161 Iowa 223, 142 N. W. 97, L. R. A. 1915B, 173."

II. Appellee argues that because appellant did not stand on the ruling on the demurrer the issue is not raised. It was raised by paragraph 2 of the amended answer. This paragraph was stricken by the court but the ruling was erroneous. Section 11130, Code of 1939, allows "every defense in point of law arising upon the face of the petition" to be pleaded in the answer. In Sinclair Co. v. Cole, supra, we held a similar pleading sufficient to show that the right to injunctive relief was questioned. By proceeding to trial after the erroneous ruling appellant did not waive the legal defense in the stricken portion. Smith v. Waterloo, C. F. & N. Ry. Co., 191 Iowa 668, 182 N. W. 890.

For the reasons stated, the judgment of the trial court is reversed.—Reversed.

All JUSTICES concur.