STANDARD OIL COMPANY (INDIANA), Appellee, v. BERT VELAND, Appellant.
No. 39548.

APRIL 2, 1929.

*Kelleher & Mitchell* and *Richard F. Mitchell*, for appellant.

*Pickett, Swisher & Farwell*, for appellee.

EVANS, J.—No dispute of fact is presented in the record. The case was tried largely upon a stipulation of facts. Whatever right the plaintiff has, had its origin in a certain lease of premises then operated as an oil filling station by one Hankins, wherein Hankins purported to be the lessor, and the plaintiff herein the lessee, and whereby such premises were leased to the plaintiff for a term of five years from October 1, 1925, at an annual rental of $180. One Wood, and not Hankins, was the owner of the real estate, and joined in the lease. Thereupon, the plaintiff employed Hankins to operate the filling station in its behalf on the basis of a commission. This arrangement continued until June 19, 1926. Previous to such latter date, however, and on December 9, 1925, the plaintiff had, by agreement with Hankins, installed certain pumps and tanks in said station, in order to facilitate its operation. On that date, Hankins made a purported assignment of his lease, as lessor, to Veland, the defendant herein, whereby Veland assumed and agreed to be bound by all the terms of such lease.

Thereupon, a contract was entered into between the plaintiff and the defendant, Veland, whereby the defendant under-

took to sell the products of the plaintiff at such filling station upon terms specified in the agreement, and for a term of one year, and whereby also it was agreed that the terms of the existing lease should be suspended during such period of one year. A few days before the expiration of such year, the plaintiff offered to the defendant a renewal of the contract, which offer was declined by the defendant. Efforts at negotiations extending over a period of three or four days were all repelled by the defendant. On June 24th, he served upon the plaintiff a notice to vacate the premises and to remove its property therefrom. He asserted a right and purpose to withhold possession of the leased property from the plaintiff and to continue thereon in his own right in the operation of the same. Thereupon, and upon the same day, the plaintiff brought this action. Later, and on July 13, 1927, the defendant served another notice upon the plaintiff to quit the premises. And again in November, 1927, a similar notice was served.

The answer of the defendant is somewhat argumentative, and is predicated upon two main propositions:

1. That the lease held by the plaintiff contained a proviso that the plaintiff could terminate the same upon ten days' written notice; and that, therefore, the contract lacked in mutuality; that its legal effect was to confer the same right of termination upon the lessor, and to convert the leasehold-interest into a tenancy at will.

2. That the plaintiff had failed to pay the rent stipulated after the rental provision became operative, and that, by and because of such failure, the defendant had elected to terminate the lease.

As to the second ground, it is sufficient to say that it was not the ground upon which defendant originally stood, or could stand. No rent accrued between June 19, 1926, and June 19, 1927. None was in arrears when the defendant challenged the right of the plaintiff to continue its dominion over its filling station. The defendant's attitude was that the lease was terminated on the first ground above stated. This was a proclamation that the plaintiff had no further rights under the lease, and was an advance denial that any rent could accrue thereunder.

At this point, the defendant overlooks the deficiency of his own status. He did not purchase the property. He took from

Hankins an assignment of the *lease*. Wood, the owner of the real estate, was not a party to that assignment. If Hankins had any ownership in the equipment of the filling station, he did not sell that to Veland. The allegation of the answer at this point is that Veland was himself paying rent on this property, whether to Hankins or to Wood is not averred. Under the lease from Hankins to the plaintiff, the only consideration moving to the lessor was the rental agreed to be paid. On the face of the instruments, therefore, Veland took nothing by his assignment but the right to collect the rents. The assignment of such rental doubtless carried with it the provisional remedies for its collection, if necessary. It did not create for the defendant the status of an owner, nor even the status of a lessee, except, possibly, in an equitable sense.

As to the first proposition stated, the argument is that because the contract reserved to the plaintiff the right to terminate at will upon ten days' notice, and because it failed to reserve such privilege to the defendant, therefore the contract lacked mutuality, and was unenforcible. The point is not tenable. Some confusion of statement may be found in the books on this subject. If the lack of mutuality amounts to a lack of consideration, then the contract is invalid. But mere lack of mutuality, in and of itself, does not render a contract invalid. If mutual promises be the mutual consideration of a contract, then each promise must be enforcible, in order to render the other enforcible. Though consideration is essential to the validity of a contract, it is not essential that such consideration consist of a mutual promise. A promissory note for a consideration is valid, though no mutuality appear thereon. This is true of all unilateral contracts which are supported by a consideration.

It is true also that courts of equity have, in their discretion, refused to enforce specific performance of a contract which may be immediately terminated at any time upon the will of either party. When this is done, it is not because the contract is invalid, but because a decree of specific performance might be rendered nugatory as soon as entered, by the exercise of such option. The appellant has predicated argument upon such an excerpt as the following:

"Where one party reserves an absolute right to cancel or

terminate the contract at any time, mutuality is absent * * * ."
13 Corpus Juris 337. See, also, 35 Corpus Juris 1121.

As against the foregoing, we quote further from the same authority, as follows:

"A lease for a definite term is not converted into a tenancy at will by the fact that an option to surrender it before the expiration of the term is conferred upon the lessee, and particularly so where the option rests upon a valuable consideration." 35 Corpus Juris 1121.

And from 35 Corpus Juris 972:

"The fact that. a lease for a fixed period provides for its termination before the expiration of such period at the option of the lessor or the lessee will not prevent it from creating a valid term for years."

And again from page 1052 of the same volume:

"The lease may provide for its termination before the expiration of the term fixed at the option of either of the parties * * * . An agreement is not invalid although it gives the lessor or the lessee alone the right to terminate the lease."

In this state, we have uniformly sustained option provisos, and have never deemed them invalid for want of mutuality. And this is true not only as to option contracts, but as to optional provisions contained in other contracts. A lease may properly contain an option to the lessee to purchase the leased property at the expiration of the lease. In its very nature, there can be no mutuality to an option, but there can be a consideration therefor. It gets its validity from the consideration. If lack of mutuality were fatal, then no option contract would be possible. See the following of our cases: *Pratt v. Prouty,* 104 Iowa 419; *Doige v. Bruce,* 141 Iowa 210; *Hall v. Henninger,* 145 Iowa 230; *Pearson v. Howell,* 184 Iowa 990; *Neola Elevator Co. v. Kruckman,* 185 Iowa 1254.

Finally, it is to be observed that the appellant has argued his appeal on the theory that the plaintiff's action was essentially one for specific performance. The premise is not sustained by the record. The petition does not purport to be brought for specific performance. There is no subsisting contract between

plaintiff and defendant for which specific performance could be prayed. Their only contract was the one which expired on June 19, 1927. The plaintiff asked only to maintain the *status quo*. The defendant, under cover of his assignment from Hankins, seeks by force to oust the plaintiff from the possession of its leasehold.

We think the case was rightly decided by the district court, and its decree is, accordingly;—*Affirmed.*

ALBERT, C. J., and FAVILLE, KINDIG, and GRIMM, JJ., concur.