**Claire LAIRD, Appellant,**

**v.**

**EAGLE IRON WORKS, Appellee.**

**No. 2–57657.**

Supreme Court of Iowa.

Jan. 19, 1977.

Patterson, Lorentzen, Duffield, Timmons, Irish & Becker, Des Moines, for appellant.

Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, for appellee.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

UHLENHOPP, Justice.

The principal question in this appeal is whether plaintiff Claire Laird furnished consideration for an alleged promise by defendant Eagle Iron Works to provide him permanent employment.

Following World War II, the president of Eagle discussed with Laird the possibility of Laird's coming with Eagle as sales manager (vice president in charge of sales). Laird testified concerning this conversation with the president:

Q. (Laird's Attorney) Did he make any representations to you at that time with respect to the period which you might continue with the company? Just answer yes or no. A. No.

Q. He did not? A. No.

Q. Did he at any time between then and your retirement? . . . A. No, not until 1969.

Laird accepted the position of sales manager and served in that capacity for a number of years.

In Laird's elder years dissension arose concerning his handling of the sales department. Eagle had established an annuity plan that would pay Laird about $12,000 yearly starting at age 70, which would be in 1966.

In about 1969 Eagle's president began talking with Laird concerning Laird's retiring. Laird said he had expenses with a son in college. He testified regarding his conversations with the president:

Well, he said, "I'll think it over and we will talk about it tomorrow," and in a few days he came back up and he said, "What do you think about my keeping you on in sort of a consulting capacity?" And I said I thought that would be fine.

Further:

Q. Did you arrive at some more definite agreement then at that time? A. Yes. He told me that I could stay on as long as I desired.

Q. In what capacity? A. As a marketing consultant. He arrived at that name himself . . ..

Laird testified regarding compensation:

Q. What I want to ask you is something altogether different from what you are telling me and they are talking about here. You were to get half pay were you not? A. Yes.

Q. And as I understand— A. I was to get $18,000 plus my pension which I could have under the retirement plan.

Q. And as I understand it, you were to be able to continue that as long as you wanted, is that correct? A. That's correct.

Following this conversation, Laird became marketing consultant at half pay plus his annuity, and he served in that capacity for about two years.

At the end of that period the management of Eagle changed, and the new president terminated Laird's employment and salary as consultant. Thereafter Laird received only his annuity.

Subsequently Laird brought the present action against Eagle alleging a promise by Eagle that he could stay on as consultant at half pay as long as he wanted. Eagle pleaded several defenses, including lack of consideration.

The parties tried the case by jury. At the conclusion of Laird's evidence Eagle moved for a directed verdict on the ground among others that the agreement lacked consideration. The trial court sustained the motion, and Laird appealed.

On the question of consideration, Laird's attorney pinpointed the issue as follows in Laird's brief:

Laird's case must stand or fall on his contention that he resigned his position as vice president in charge of sales and accepted a part-time consultant's job at half pay because his employer agreed that he could continue to perform the latter services as long as he wanted, and in doing so, he gave up a substantial amount of money because he could and would have otherwise continued on the job as vice-president in charge of sales at full pay.

■ I. To be enforceable, a promise by an employer to provide permanent employment requires consideration, and when the employee does not make a reciprocal promise but merely serves as long as he desires, no promise for a promise exists to provide the necessary consideration. In that situation the law requires some independent consideration before the employer's promise is enforceable. *Stauter v. Walnut Grove Products*, 188 N.W.2d 305 (Iowa); *Bixby v. Wilson & Co.*, 196 F.Supp. 889 (N.D.Iowa). We restated this rule in *Collins v. Parsons College*, 203 N.W.2d 594 (Iowa), quoting from *Standard Oil Co. v. Veland*, 207 Iowa 1340, 224 N.W. 467. In the *Collins* case the employee, a professor, surrendered a tenured position with another educational institution to accept such a position with Parsons College, and Parsons was aware of that fact.

■ In the present case we are unable to find independent consideration. True,

**648**

Laird stopped working as sales manager at full pay. But that employment was terminable at will by the same employer; Laird does not claim otherwise. Eagle could have discharged Laird as sales manager at any time. When Laird stopped working as sales manager, he gave up nothing that Eagle could not have taken away anyway. Cases on permanent employment agreements are collected in Annotation, 60 A.L.R.3d 226. We are not inclined to follow *Bredemann v. Vaughan Mfg. Co.*, 40 Ill.App.2d 232, 188 N.E.2d 746.

■ II. In the course of direct examination, Laird's attorney asked him if he "could" have stayed on as sales manager had he not taken the consultant job. The trial court sustained an objection to the question. The question is susceptible of two interpretations: whether Laird had permanent employment as sales manager so that he could legally have remained in that capacity, or whether he was physically able to continue to perform the work as sales manager. From his statements in the trial court and here, Laird's attorney makes clear that he intended to ask the latter. But Laird's physical ability to perform the work as sales manager would not transform the terminable job as sales manager into permanent employment as sales manager or provide the necessary independent consideration for a promise by Eagle to provide him permanent employment as consultant. Had Laird possessed permanent employment as sales manager which he surrendered in return for Eagle's promise to provide him permanent employment as consultant, we would have a different case, and one on which we express no opinion.

Consideration does not appear. The trial court was right in sustaining Eagle's motion for a directed verdict.

AFFIRMED.