**Sharon S. ABRISZ, Appellant,**

v.

**PULLEY FREIGHT LINES, INC., an Iowa Corporation, Appellee.**

**No. 61145.**

Supreme Court of Iowa.

Oct. 18, 1978.

Allen, Babich & Bennett, Des Moines, for appellant.

Austin, Myers, Peterson & Gaudineer, Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, UHLENHOPP and HARRIS, JJ.

LeGRAND, Justice.

Plaintiff was discharged from her employment with Pulley Freight Lines, Inc. because she voluntarily wrote a letter supporting a fellow employee's claim for unemployment benefits in which she severely criticized her employer's business policies. Her criticism was based partially on erroneous facts. Her claim for damages resulting from this allegedly improper discharge was denied after trial to the court. She appeals, and we affirm.

▮ Plaintiff was an employee at will and concedes her employment was ordinarily terminable at any time by her employer. *Harper v. Cedar Rapids Television Co., Inc.*, 244 N.W.2d 782, 791 (Iowa 1976); *Allen v. Highway Equipment Co.*, 239 N.W.2d 135, 139 (Iowa 1976); *Drake v. Block*, 247 Iowa 517, 520–21, 74 N.W.2d 577, 580 (1956). While admitting that she could have been discharged *without* cause, plaintiff argues vigorously she is entitled to damages be-cause her discharge was for reasons contravening public policy.

This appeal is here on a narrow and clearly defined issue. Plaintiff asks us to carve out an exception to the employment-at-will rule and to provide a remedy when such employment is terminated for reasons contrary to public policy. This doctrine has recently gained considerable favor with courts. *See Percival v. General Motors Corp.*, 539 F.2d 1126, 1129 (8th Cir. 1976); *Jackson v. Minidoka Irrigation District*, 98 Idaho 330, 563 P.2d 54, 57, 58 (1977); *Fortune v. National Cash Register Co.*, 364 N.E.2d 1251, 1256 (Mass.1977); *Nees v. Hocks*, 272 Or. 210, 536 P.2d 512, 514–15 (1975); *Monge v. Beebe Rubber Co.*, 114 N.H. 130, 316 A.2d 549, 551 (1974); *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425, 428 (1973); *Petermann v. International Brotherhood of Teamsters*, 174 Cal.App.2d 184, 344 P.2d 25, 27 (Cal. App.1959).

This case arose under the following circumstances:

One of plaintiff's fellow employees was Linda Pizinger, who took a maternity leave of absence from Pulley Freight Lines, Inc., in 1974. Ms. Pizinger desired to return as a part-time employee following the birth of her baby. The company was unable to provide her with part-time employment although they were willing to take her back on a full-time basis, an arrangement she could not accept. Later she filed an application for unemployment benefits, which the company resisted.

Shortly before the hearing on Ms. Pizinger's claim, plaintiff wrote a letter in her behalf, addressed "To Whom it May Concern" and detailing the circumstances relating to Ms. Pizinger's leave of absence and her attempt to return to part-time employment. Pulley first learned of this letter when it was submitted to the hearing examiner and made part of the record at the hearing on Ms. Pizinger's claim. One of the defendant's employees then reported the matter to John Burroughs, Pulley's executive vice-president. Several days later he discharged plaintiff by letter which contained this paragraph:

"The letter [on behalf of Linda Pizinger] appeared to contain misstatements which were calculated to influence the outcome of the hearing and which reflected on the integrity of Pulley Freight Lines, Inc. Subsequent to the hearing we were provided a copy of your letter which confirmed the erroneous and prejudicial nature of the statements referred to at the hearing."

■ Plaintiff brought this action based both on a violation of contract and on tort. A third division claimed "retaliatory discharge." The case was tried to the court as an action at law. The findings are binding on us if there is substantial evidence to support them. Rule 14(f)(1), Rules of Appellate Procedure.

The trial court found Pulley's action in discharging plaintiff was without malice. It also found plaintiff's letter for Ms. Pizinger, although written in good faith, was inaccurate or factually wrong in at least four particulars. There is support for these findings, and we are bound by them.

Although the letter was certainly the occasion for firing plaintiff, the trial court found the reason she was fired (partially at least) was because the untrue statements she made in an effort to aid Ms. Pizinger served to destroy Pulley's faith and confidence in her. It further found her position was one demanding that the employer have such trust because she handled matters of a confidential nature involving correspondence, records, and files. Plaintiff argues she held no position of trust or confidence, but we believe the trial court could so find under this record.

■ We hold plaintiff has not established her discharge violated the public policy of this state. Courts should not declare conduct violative of public policy unless it is clearly so. *Tschirgi v. Merchants National Bank*, 253 Iowa 682, 691, 113 N.W.2d 226, 230–31 (1962).

In considering this matter we keep in mind the rights of the employer, as well as those of the employee, are important. *See Percival v. General Electric Motors Corp.*,

539 F.2d at 1130. As a general rule, an employer should be able to employ whom he wants.

The authorities relied on by plaintiff do not support her claim. Each is factually distinguishable from the present case. In *Monge v. Beebe Rubber Co.*, 114 N.H. 130, 316 A.2d at 551–52, the trial court found malice and bad faith in discharging an employee for rejecting her supervisor's advances. In the case now before us, we have a finding there was no malice.

In *Petermann v. International Brotherhood of Teamsters*, 174 Cal.App.2d 184, 344 P.2d at 27, an employee was fired for refusing to perjure himself in violation of the perjury statute. Clearly courts cannot countenance what amounts to subornation of perjury.

In *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d at 428, the cause of discharge was the filing of a workman's compensation claim. The court found the action violated a statute prohibiting an employer from using any "device" to relieve him of his liability under the workman's compensation law.

In *Nees v. Hocks*, 272 Or. 210, 536 P.2d at 516, it was ruled illegal to discharge an employee for volunteering to serve on a jury. Although there was no statutory violation, the court found the discharge was for a "socially undesirable motive" and that it would tend to "thwart" the jury system.

In none of these cases was any legitimate reason for discharge shown. In the present case, however, Pulley asserted it had good grounds for firing plaintiff because she made untrue statements reflecting on its integrity. It is true her intervention on behalf of Ms. Pizinger was the occasion for this, but that does not make the discharge illegal. The important fact is that the relationship was destroyed.

Under such circumstances Pulley was justified in terminating plaintiff's employment. We do not decide if an employee under an at-will contract is without a remedy under any circumstances, as the dissent in *Monge v. Beebe Rubber Co.* and authori-

ties there cited insist. We hold only that under the facts of this case there is no showing plaintiff's discharge was violative of public policy.

The judgment is affirmed.

AFFIRMED.