Joseph ALBERT, Appellant,

v.

DAVENPORT OSTEOPATHIC
HOSPITAL, Appellee.

No. 85–360.

Supreme Court of Iowa.

April 16, 1986.

Rehearing Denied May 21, 1986.

Michael J. McCarthy of McCarthy & McCarthy, Davenport, for appellant.

Greg A. Egbers of Betty, Neuman & McMahon, Davenport, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, WOLLE, and LAVORATO, JJ.

HARRIS, Presiding Justice.

Plaintiff Albert, formerly a hospital union employee with job tenure under a collective bargaining agreement, was promoted to a nonunion supervisory position. When he was later fired as a part of a staff reduction he brought this wrongful discharge action. The trial court found the employment was terminable at will and entered judgment for the employer. We agree. So doing we vacate a contrary holding of the court of appeals.

Albert worked in the hospital maintenance department. From 1966 until 1979 he was protected under a union contract which provided he could be discharged only for cause. He brought a strong mixture of personal modesty and unusual dedication to the job. He performed very well. In the past he rejected an offer to become maintenance department director. At one time he contributed $3600 he had coming to him so the hospital could buy a tractor lawnmower. Like the trial court we award the hospital no plaudits for its treatment of this exceptionally loyal and dedicated employee. Albert does not appeal from his separate, and also unsuccessful, defamation claim.

It was with apparent reluctance that Albert, in 1979, accepted a promotion. The hospital says he became assistant department head. Albert says he became a "weekend supervisor," and that he told the hospital he wanted to return to his old position as soon as a permanent director was hired. Any distinction between the

two job descriptions is insignificant. The assigned tasks and responsibilities were the same under either description and the work did not substantially differ from what Albert was doing before the promotion.

The new position was of some advantage to Albert; union dues were no longer deducted from his salary and he received a modest pay increase. He claims he was unaware his promotion would remove him from job protection under the union contract.

In 1983 Albert was discharged because of a staff reduction in management personnel. He was denied a position in the maintenance department under a hospital policy which would not allow an employee to assume a bargaining unit position once that employee had been a part of management. This wrongful discharge action followed.

 I. We have held that, in the absence of "any consideration beyond the employee's promise to perform, a contract for permanent or lifetime employment is construed to be for an indefinite time, terminable at the will of either party." *Stauter v. Walnut Grove Products*, 188 N.W.2d 305, 311 (Iowa 1971); *see also Northrup v. Farmland Industries, Inc.*, 372 N.W.2d 193, 195 (Iowa 1985) ("The general rule is that an at-will employee may be terminated at any time, for any reason."); *Abrisz v. Pulley Freight Lines, Inc.*, 270 N.W.2d 454, 455 (Iowa 1978); *Harper v. Cedar Rapids Television Co.*, 244 N.W.2d 782, 791 (Iowa 1976).

We have provided an important exception to the general rule:

[A] different situation arises where there is consideration in addition to the promise to perform services. Where the employee furnishes consideration in addition to his services, a contract for permanent or lifetime employment is valid and enforceable and continues to operate as long as the employer remains in business and has work for the employee [so long as] the employee performs competently.

*Stauter*, 188 N.W.2d at 311; *see also Laird v. Eagle Iron Works*, 249 N.W.2d

646, 647 (Iowa 1977). The issue in this case is whether Albert, by leaving the collective bargaining unit, provided the necessary consideration to support an enforceable promise of permanent employment. The important question of what constitutes that additional consideration has been determined on a case-to-case basis. *See Laird*, 249 N.W.2d at 647–48 (relinquishment of another position held at will constituted insufficient consideration for permanent employment); *Hanson v. Central Show Printing Co.*, 256 Iowa 1221, 1224, 130 N.W.2d 654, 656 (1964) (giving up opportunity for another job insufficient consideration); *Bixby v. Wilson & Co.*, 196 F.Supp. 889, 901 (N.D.Iowa 1961) (moving expenses paid by employee insufficient consideration); *see generally* Naylor, *Employment At Will: The Decay of an Anachronistic Shield for Employers?* 33 Drake L.Rev. 113, 118 (1983) (citing cases from other jurisdictions which have granted exceptions to at will rule where additional consideration for permanent employment has been established); Annot., 60 A.L.R.3d 226 (1974) (same); 53 Am.Jur.2d *Master and Servant* § 33 (1970).

Albert places great reliance on *Collins v. Parsons College*, 203 N.W.2d 594 (Iowa 1973) and *Rowe v. Noren Pattern & Foundry Co.*, 91 Mich.App. 254, 283 N.W.2d 713 (1979). The facts in those cases were similar to his factual claims.

In *Collins* a college professor gave up a position in Wisconsin in order to accept one in Iowa. The first contract with the college here provided a salary of $25,000 per year and provided Collins could be discharged only for cause. The parties signed a similar contract for the following year. A year later Collins was offered a substantially different agreement. It provided that Collins would receive only $15,000 for the year and stated it "constitute[d] the only contract of employment with the college ... and that [Collins] waives any rights or claims arising from any other contract of employment...." After Collins did not sign the new contract he was notified he would not be employed by the college for the following year. He brought

a breach of contract action against the college and the trial court rendered judgment for the college.

We reversed, concluding the agreement "demonstrate[d] that the promise of the college was not terminable at will...." 203 N.W.2d at 597. We rejected the college's contention that, since Collins could have terminated the contract at the end of the year, the college should have the same right. We said:

> [I]f a promise is supported by other consideration, it is enforceable although the promisee has the right to terminate his undertaking or indeed makes no promise at all, as in the case of unilateral contracts.

*Id.* at 598. We found that Collins had provided "other consideration" by giving up his prior tenured employment for a tenured position in Iowa and thus had a permanent contract of employment:

> [A]n employee who gives up other employment to accept an offer of a permanent job provides independent consideration—at least, when as here the employment surrendered was itself permanent and the new employer is aware of the facts.

*Id.* at 599.

We concluded that, because the college agreed in 1971 to employ Collins permanently and because Collins provided consideration for the agreement, he was entitled to damages for the college's breach of the agreement. *Id.*

In *Rowe* a maintenance worker with a permanent position was offered a job by defendant at an increased salary. Rowe accepted the position upon being told that, after he had worked for forty-five days, he would be a member of the union and could then be discharged only for cause. Rowe contended the employer had represented to him that he would not be terminated during the forty-five day period and after that time he would have protection of the union contract. When Rowe was discharged after forty-three days he brought suit against the employer, alleging breach of an oral contract of employment. The trial court found the contract was terminable at will.

On appeal, the Michigan court of appeals reversed, holding that Rowe had provided additional consideration sufficient to support a contract of permanent employment. Citing our opinion in *Collins*, the Michigan court stated:

> [W]e find an agreement that plaintiff would work a specific period of 45 days, after which he would be a union member and would continue working subject to the protections given in the normal union contract. The protection of a union contract is an added ingredient which is not present in ... other cases supportive of the general rule.

91 Mich.App. at 262, 283 N.W.2d at 717.

■ II. In this law action our review is not de novo; we of course are bound by the trial court's findings of fact. Iowa Code § 624.2 (1985); Iowa R.App.P. 14(f)(1). Significantly, the trial court did not find Albert would not have left his earlier position had he realized he was giving up his tenure. This is Albert's claim but it was ignored in the trial court's findings of fact. The trial court merely found that, at the time he was fired, Albert was a management employee, not covered by the bargaining agreement.

■ There was no motion under rule of civil procedure 179(b) that the trial court's findings be enlarged. *See Brunner v. United Fire & Casualty Co.,* 338 N.W.2d 151, 152 (Iowa 1983) (where party "did not seek an enlargement of the ruling pursuant to Iowa R.Civ.P. 179(b) ... we presume the court decided in [the prevailing party's] favor the facts necessary to support its decision"). To reverse the trial court under the proper scope of review, we would in effect have to find that Albert established the additional consideration as a matter of law. This was not done.

The trial court was correct in concluding that, under the facts it found, Albert's contract fell under the general rule, not the exception. His employment could be said to be permanent, but, lacking the additional

consideration necessary to elevate it to a lifetime job, it was terminable at the will of either party.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.