United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-1553
_____

Sheila Rouse,                          *
                                       *
    Plaintiff/Appellant,               *
                                       *
         v.                          *   Appeal from the United States
                                       *   District Court for the
Boehringer Mannheim Corporation;*          Southern District of Iowa.
Christopher Hildebrand,                *
                                       *
    Defendants/Appellees.              *


_____

Submitted: January 14, 1997

Filed: March 10, 1997
_____

Before BOWMAN, HEANEY, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.


    In 1988 Sheila Rouse was hired as a sales representative by Boehringer Mannheim Corporation (BMC). Rouse claims she was denied a promotion on the basis of her sex in violation of Title VII, 42 U.S.C. § 2000e et seq., and in breach of an employment agreement with BMC. The contract claim was dismissed on summary judgment, and the Title VII claim went to trial. The district court[1] issued sixty-four pages of findings and conclusions after trial, and judgment was entered in favor of BMC. Rouse appeals from the judgment, and we affirm.

---

    The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

On appeal, Rouse challenges many of the district court's

findings on her Title VII claim, but she has not shown that its detailed findings are clearly erroneous or that it erred in its legal conclusions. After carefully reviewing her contentions and the record, we affirm the dismissal of her Title VII claim on the basis of the district court's opinion. See 8th Cir. R. 47B(1).

Rouse argues that the failure of BMC to promote her breached an enforceable promise made by her supervisor. The district court granted summary judgment to BMC on the contract claim because as an at-will employee Rouse could not enforce an employer's promise to promote by merely continuing to perform her job. See French v. Foods, Inc., 495 N.W.2d 768 (Iowa 1993); Albert v. Davenport Osteopathic Hosp., 385 N.W.2d 237 (Iowa 1986). At trial Rouse moved the court to reconsider its summary judgment ruling. In its post trial order the district court again addressed the contract claim. It determined that Rouse was an at-will employee, that her direct supervisor had repeatedly indicated she would be promoted, that her supervisor did not have the authority to promote her and Rouse was aware of this, and that the only consideration Rouse claimed to have offered for this promotion was her continued employment.

On appeal Rouse argues that an at-will employee can enforce an employer's promise by continuing to perform her job. To support her argument, Rouse relies on law from states other than Iowa. Our standard of review for Rouse's legal claim is de novo. Doe v. Wright, 82 F.3d 265, 268 (8th Cir. 1996).

The rights of at-will employees in Iowa are quite limited. An at-will employee can be terminated for any reason, or no reason, subject to two limited exceptions: "(1) when the discharge is in clear violation of a 'well-recognized and defined public policy of the State' and (2) when a contract created by an employer's handbook or policy manual guarantees an employee that discharge

will only occur for cause or under certain conditions." <u>French</u>,

495 N.W.2d at 769-70 (citations omitted).  Rouse acknowledges she was an at-will employee, but she does not argue that either of these exceptions applies.  Instead, she asserts that by continuing to work she provided consideration which made her employer's promise to promote her enforceable.

Rouse has not provided evidence of sufficient consideration under Iowa law to enforce her supervisor's promise.  In <u>Albert</u>, 385 N.W.2d at 239-40, the Iowa Supreme Court concluded that an employee's decision to accept a new position with the same employer was not sufficient consideration to enforce the employer's promise of permanent employment.  Something more than a promise to continue working is needed to remove the employment relationship from the reach of Iowa's at-will doctrine.  <u>Id.</u> at 238.  Rouse argues <u>Albert</u> does not control here because she is not seeking to enforce a promise of permanent employment, but she does not explain why a promise of permanent employment should be treated differently than a promise to promote.  Both are unilateral promises made by an employer to an at-will employee.  <u>Cf.</u>  <u>Alston v. Brown Transp. Corp.</u>, 356 S.E.2d 517, 519 (Ga. Ct. App. 1987) (oral promise for pay increases unenforceable when underlying contract is terminable at will).  Rouse does not claim to have tendered any consideration except her decision to continue working.  Under Iowa law her claim is insufficient to make her employment relationship anything other than at will.  Since at-will employees can be discharged for any reason, or no reason, the district court did not err in dismissing her contract claim.

We affirm the judgment of the district court.[2]

---

Appellee's motion for sanctions is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT